[Sac. No. 450. Department One.—October 27, 1898.]

## JAMES M. WHITE, Respondent, v. SOUTHERN PACIFIC COMPANY, Appellant.

Negligence—Train Backed Upon Crossing—Contributory Negligence —Question for Jury.—One who, after having looked and listened both ways for an approaching train, without indication thereof, and shortly after having seen a person drive toward him across the track without indication of danger, drove across it at a walk, and was injured by a train negligently backed upon him, which he could not see approaching by reason of stationary cars and other obstructions, cannot be said, as matter of law, to be guilty of contributory negligence, regardless of whether he did or did not hear the ringing of the bell; but the question as to his contributory negligence is for the jury.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

Dudley & Buck, for Appellant.

Nicol & Orr, for Respondent.

GAROUTTE, J.—Defendant appeals from a judgment and order denying its motion for a new trial. The action was brought to recover damages for personal injuries. Plaintiff was in the act of driving across the railroad track of defendant, when a train approached, and, in attempting to save himself from a collision, he was thrown out of his vehicle and injured. The matters involved in this appeal are few, and not of great importance.

The negligence of defendant at the time of the accident is substantially conceded by its attorneys. Indeed, the testimony of its principal witnesses—employees—indicates a degree of negli-

gence upon its part in the handling of its train of cars closely approaching recklessness. But to defeat plaintiff's right of action it is insisted that he was guilty of contributory negligence, and for that reason it is claimed the evidence fails to authorize and justify the verdict of the jury. By this contention we are brought to an examination of the salient facts of the case.

Plaintiff, in a one-horse vehicle, was traveling westward upon Market street, a well-traveled street in the city of Stockton. He arrived at Sacramento street, which intersects Market street and extends north and south. This street is covered by various railroad tracks of defendant, and is used constantly for railroad purposes. When plaintiff approached Sacramento street he found a detached train of boxcars resting upon the track nearest to him. These cars extended to the south upon the street, and blocked his passageway over Market street to the width of about fifteen feet. He passed over this first track at the end of these boxcars and at the moment his horse stepped upon the next track, which was but a few feet distant, a freight train, backing from the south, was upon him, and in his efforts to escape he was injured. There is some conflicting evidence as to the ringing of the bell of the engine at the time of the accident, or, to be more exact, it may be said there was some conflict in the evidence as to whether or not plaintiff heard the engine bell ringing. But we attach no special importance to this matter. The ringing of a bell, or the blowing of a whistle, upon a train that is traveling backward, is calculated to deceive a traveler upon the highway. The distance of the alarm from the real point of danger well serves the purpose of lulling the traveler into a false sense of security. This is essentially true where the traveler upon the highway, by reason of obstructions near the track, cannot see the approaching train, and therefore is compelled to depend largely upon his sense of hearing alone. In this case a sight of the approaching train was entirely denied plaintiff by reason of the stationary cars and other obstructions. If he had heard the bell upon the engine, which even at the moment of the accident was distant more than fifty yards, he would probably have felt secure, and made the attempt to cross the track. And as matter of law this court would not say that it was contributory negligence under such circumstances to rely upon the alarm given by

the bell, and attempt to cross.  By reason of these views we attach little importance to the true solution of the contested fact as to whether or not the bell was ringing at the time of the accident, or whether or not plaintiff heard the bell ringing, if it did ring.

Was the plaintiff, as a careful, prudent man, justified in attempting to cross the street at the time he made the attempt? He was driving one horse hitched to a light vehicle.  Upon arriving at the crossing he traveled at a walk.  He looked and listened; he saw no moving train; he heard no noise of an approaching train.  He had a clear view toward the north, and there was no danger from that direction.  His view toward the south was obstructed, but if a train with an engine at its head had been coming from that direction, he would have seen at least the smokestack of the engine.  A moment before he drove upon the track, a party driving from the opposite direction, having a complete view of existing conditions toward the south, passed over the track, and in no way indicated by his actions that a moving train was approaching.  The foregoing facts appear by the evidence of the plaintiff, and many of them are corroborated by the evidence of other witnesses.  Upon these facts the case was one eminently proper to go to the jury.  As matter of law, we cannot say this evidence discloses contributory negligence upon the part of the person injured.  The other evidence in the record depicting the circumstances surrounding the accident may create a conflict as to certain facts, but it does no more, and therefore avails nothing in the consideration of a question similar to the one at bar.  It is contended by appellant that the "physical facts and circumstances" absolutely disprove plaintiff's testimony in all essential respects.  Counsel's argument directed to this point has not convinced us of the soundness of this contention.

There is no ground furnished by the two instructions, of which appellant complains, that demands a reversal of the judgment.

For the foregoing reasons the judgment and order are affirmed.

Van Fleet, J., and Harrison, J., concurred.