[Civ. No. 2777. First Appellate District, Division Two.—May 23, 1919.]

JACOB WING, Appellant, v. WESTERN PACIFIC RAILROAD COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE—RAILROAD TRACK AS SIGN OF DANGER—DUTY OF PERSON ABOUT TO CROSS—FAILURE TO EXERCISE NECESSARY PRECAUTIONS.—A railroad track is in itself a sign of danger, and persons crossing it are charged with the duty to look and listen. The failure to take the required precautions before crossing a track which is being used as a means for the passage of trains is "the omission to do something which a reasonable man guided upon those considerations which ordinarily regulate the conduct of human affairs would do," and is, therefore, negligence as a matter of law.

[2] ID.—TRACK IN COURSE OF CONSTRUCTION—LESSER DEGREE OF CARE REQUIRED.—In crossing a track which is in the process of construction and upon which no trains are being operated, except for construction purposes, as great a degree of watchfulness for

---

1. Failure to stop, look and listen at railroad crossing as negligence *per se*, note, 1 A. L. R. 203.

1. Presence of electric bell or similar device at railroad crossing as excusing traveler from duty to look and listen, note, **Ann. Cas.** 1918D, 388.

danger from passing trains is not required as when crossing a
completed track in full operation.

[3] ID.—CONTRIBUTORY NEGLIGENCE OF PLAINTIFF—NEGLIGENCE OF DE-
FENDANT IMMATERIAL.—In an action for damages for personal
injuries, the contributory negligence of the plaintiff is to be de-
termined without reference to any negligence of the defendant.

[4] ID.—ACTION FOR DAMAGES FOR PERSONAL INJURIES—FAILURE TO
LOOK FOR DANGER — CONTRIBUTORY NEGLIGENCE — QUESTION OF
FACT.—In this action for damages for personal injuries received
by the plaintiff while crossing a spur-track, which was in course
of construction, from the backing upon him of a gondola-car, he
having looked for danger when crossing the main tracks, but, hav-
ing considered all danger was passed when such main tracks had
been crossed, took no more notice, the question whether his
failure to exercise such precautions constituted contributory negli-
gence was one of fact to be determined by the jury.

[5] ID.—PROVINCE OF JURY AND OF COURT.—A plaintiff's contributory
negligence is ordinarily a question of fact for the jury, to be
decided by it from the circumstances of each particular case. A
court is enabled to say, as a matter of law, that negligence has
been shown only when reasonable minds might not draw different
conclusions from the facts presented.

APPEAL from a judgment of nonsuit of the Superior
Court of Alameda County. William S. Wells, Judge. Re-
versed.

M. H. Wascerwitz and G. C. Ringolsky for Appellant.

Snook & Church and Guy V. Shoup for Respondent.

HAVEN, J.—Plaintiff appeals from a judgment of non-
suit rendered against him in an action to recover damages
for personal injuries. In granting defendant's motion for
a nonsuit, the learned judge of the trial court stated the rea-
sons therefor in the following language: "The motion for
a nonsuit has been made in this case on the ground of con-
tributory negligence of the plaintiff, and this motion, in
the court's judgment, must be granted. There is no ques-
tion in my mind that the plaintiff was grossly negligent in
his actions that night. His testimony shows that he came

4. Duty to stop, look and listen after entering upon first track,
note, 17 L. R. A. (N. S.) 505.

5. Withdrawal of unreasonable testimony as to looking or listening
for train from consideration of jury, note, Ann. Cas. 1917B, 477.

down from the synagogue, went straight down Harrison Street, leaving two streets in which he had a clear right of way; that he crossed these railroad tracks and went into a place of danger; that he saw, as he turned into Third Street, this car standing on the track in front of his house, nearly six hundred feet away; that he walked then seventy-five to one hundred feet, and then crossed the spur-track, and that he either did not look or he walked directly into the car that was coming, looking directly at it, and there can be no recovery in a case of that kind. The court finds, as a question of law, that there was contributory negligence, and the motion for nonsuit will be granted.''

Appellant contends that the question of his contributory negligence should have been left to the jury. Between 6 and 6:30 o'clock in the evening of October 7, 1917, plaintiff, who was then seventy-one years of age, was walking toward his home in the city of Oakland. He proceeded upon Harrison Street to its intersection with Third Street, where he crossed the two main tracks of the railroad owned and operated by the defendant, and, after turning easterly toward Alice Street, partially crossed a spur-track, then in course of construction, when he was struck by a car operated by the defendant and seriously injured. The spur-track left the main track at Alice Street, curved southwesterly toward the sidewalk on the south side of Third Street, and finally straightened out and ran upon the sidewalk in front of a building, the easterly end of which was seventy-five or one hundred feet east of Harrison Street. The ties and rails of the spur-track had been laid during the two or three weeks prior to the time of the accident, but the track was not ballasted, the gravel for that purpose lying in piles alongside of the track. The car which struck the plaintiff was loaded with ties and was being backed from the main track to the spur-track by an engine attached to the end of the car away from plaintiff. Plaintiff resided upon the south side of Third Street, between Alice and Jackson Streets. He testified that it had been his custom for many years, when going to and from his home to his place of business, to proceed along Harrison Street to the south side of Third Street and then turn down Third Street; that he had been crossing the two main-line tracks since they were laid, nine years previous to the accident; that on the eve-

ning of the accident, he turned east toward Alice · Street after crossing the main tracks and, because of the uncompleted condition of the spur-track, walked in the space between it and the main tracks until he reached the point where the spur-track left the sidewalk at the easterly end of the building above referred to, at which point he attempted to cross the spur-track to the sidewalk; that, when crossing the main tracks at Third and Harrison Streets, he saw a train standing on one of them between Alice and Jackson Streets, about opposite his home; that he did not see the engine; that although there was sufficient light to see the train, at a distance of less than two blocks, it was too dark to tell what kind of a train it was. Plaintiff was thoroughly familiar with the location. He knew that the spur-track was unfinished and that no cars had been running upon it when he crossed it two or three days prior to the accident. A photograph of the scene of the accident was introduced in evidence and is contained in the record. From an inspection of this exhibit it is apparent that it was necessary for plaintiff to walk over the gravel which had been piled along the track for the purpose of ballasting before stepping upon the track, and that his attention would necessarily be centered upon his footsteps. Plaintiff had just reached the second rail of this unfinished track when a gondola-car, loaded with ties, was backed upon the spur-track and struck him. He testified that his sight and hearing were very good, but that he neither heard any noise nor saw any lights or men with lighted lanterns. The evidence also showed that there were no lighted lanterns along the track where the gravel was piled; that there was a light on the front of the engine, which was pointed away from plaintiff, but that plaintiff saw no light on the car. Plaintiff was the only witness who testified to the facts of the accident. His description of the accident was as follows: "I was crossing one-half the new track, the other half I see nothing. I start in to cross. There was no light, and afterwards come the car, and the car gave me a push, and I fell down and broke my leg, and after I take hold the leg with my left hand it cut my hand off, because I am left-handed. I don't hear nothing, and I see nothing. Q. Did you look to see anything? A. Of course, I look around when I got to cross that track. I look around to see any-

thing is in my way, and I don't see nothing.  Q. Did you
see a train?  A. I didn't see no train.  I see the train in
the middle track, and I was over this track.  Q. Where did
you see the train?  A. On the main track, in the middle of
the street, and this I passed.''  In reply to a question
whether he saw a car on the main track between Alice
and Harrison Streets, he said: ''I tell you I didn't
take no notice to look back.  I look only in front.  I don't
see nothing because I don't look around because I was to
the track past.''  Questioned as to which main track the
train which he saw was on he said: ''That I can't tell you.
I take care of myself, not for the track, because I see I pass
through the two tracks.  I didn't take no more notice.''
He testified in answer to a question regarding where he had
crossed the tracks on an occasion two or three days previous
to the accident: ''I crossed anywheres.  I always taken care
by the main tracks; I crossed on the main tracks, and this
track wasn't working, no cars going there or nothing at all.
It was laying nothing but the rails.''

If plaintiff had been injured by a train or car running
on either of the main tracks of the defendant's railroad, we
should have no hesitancy in agreeing with the views of the
learned judge of the trial court as expressed in his order
granting the motion for a nonsuit.  The condition of the
spur-track, as disclosed by the evidence above referred to,
presents a very different question.  [1]  A railroad track
is in itself a sign of danger.  Persons crossing it are
charged with the duty to look and listen, because they are
presumed to know that the track exists as a means for the
passage of trains which may inflict injuries.  The failure
to take the required precautions before crossing a track
which is being used for such purposes is ''the omission to
do something which a reasonable man guided upon those
considerations which ordinarily regulate the conduct of
human affairs would do,'' and is, therefore, negligence as
a matter of law.  [2]  It is manifest, however, that a rea-
sonable man, guided by the considerations above referred
to, would not feel called upon to exercise as great a degree
of watchfulness for danger from passing trains in crossing
a track, which he knew was in the process of construction
and upon which no trains had been operated except for
construction purposes, as when crossing a completed track

in full operation. The gravel piled beside the track was a sign of the danger of falling into the unfilled excavation, rather than a sign of the possibility of approaching trains. If plaintiff had concentrated his attention upon the train which he had observed in the next block, and thus stumbled over the gravel pile into the ditch, it might well have been claimed that he had been guilty of negligence in so doing.

[3]  The contributory negligence of plaintiff is to be determined without reference to any negligence of the defendant. (*Hutson* v. *Southern California Ry. Co.*, 150 Cal. 701, 703, [89 Pac. 1093].) While, therefore, the negligent maintenance of the spur-track or negligent operation of the train which caused plaintiff's injuries cannot be relied upon as absolving plaintiff from the duty of exercising the usual precautions required of a reasonable man under the circumstances, all the facts disclosed by plaintiff's evidence are material in determining the nature of the danger to which it is claimed plaintiff negligently exposed himself. (*Antonian* v. *Southern Pacific Co.*, 9 Cal. App. 718, 728, [100 Pac. 877].) These facts were: The existence of an uncompleted track; knowledge by plaintiff of the fact that such track was in process of construction; want of knowledge on his part of any use of such track for transportation purposes; the existence of the gravel pile, which necessarily diverted and commanded his attention; exercise of care in crossing the main tracks upon which he had been accustomed to note the passage of trains; relaxation of such care after he had passed such tracks; and injury inflicted by a construction car being backed upon the spur-track, upon which plaintiff saw no lights or employee of the defendant on what became the front of the train by reason of its method of operation.

[4]  The reasonable construction of plaintiff's entire testimony is that, while he looked for danger when crossing the main tracks and saw the car standing on the main tracks about six hundred feet from the crossing, he, nevertheless, considered all danger was passed when the main tracks had been crossed, and took no more notice. "I take care of myself, not for the track, because I see I pass through the two tracks. I didn't take no more notice." In other words, he neither regarded the spur-track in its then condition as a sign of danger nor took the precautions

which the law would have required of him if it had been such. Did his failure to do so constitute contributory negligence as a matter of law, or was that a question of fact to be determined by the jury? In our opinion, it was the latter.

[5] Plaintiff's contributory negligence is ordinarily a question of fact for the jury, to be decided by it from the circumstances of each particular case. It is very rare that the court is enabled to say, as a matter of law, that negligence has been shown, and only when reasonable minds might not draw different conclusions from the facts presented. (*Seller* v. *Market Street Ry. Co.*, 139 Cal. 268, 271, [72 Pac. 1006].) In the case of *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 240, [116 Pac. 513, 515], the facts of which were somewhat similar to those of the instant case, the supreme court said that contributory negligence "is a question of law only when the evidence is of such a character that it will support no other legitimate inference than that in the one case the plaintiff was guilty of contributory negligence. . . . But even in such cases, while the question is said and properly said, to be one of law, it is never a question of pure law. The real decision of the question by the court is a decision of fact. When the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from these facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then, and only then, does the law step in and forbid plaintiff a recovery. . . . Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury."

In this case the condition of the spur-track, with its contiguous gravel piles, plaintiff's knowledge thereof, and the fact that the car which struck him was being backed upon the track without lights or warning, are elements which might cause reasonable minds to differ as to plaintiff's negligence. In Shearman & Redfield on Negligence, section 476, it is said that the failure to look and listen becomes negligence as a matter of law only "where there are no excusing circumstances, as where . . . he is misled by appear-

ances or conditions that would have deceived a person of ordinary prudence." The same authors, in section 471, refer to the peculiarly dangerous character of trains running backward, and state: "The rationale of the rule requiring special precautions in backing trains over crossings or other places where persons are likely to be is in the increased danger to which they are subjected." In the cases of *Klotz* v. *Winona St. P. R. Co.*, 68 Minn. 341, [71 N. W. 257], and *White* v. *Southern Pacific Co.*, 122 Cal. 305, [54 Pac. 956], the injuries were inflicted by trains running backward, and the question of the contributory negligence of the persons injured was held to be one for the jury. In so determining, the court in each instance referred to the running of the train backward as a circumstance tending to rebut the charge of plaintiff's negligence. In the latter case plaintiff was injured by a freight train backing into him. He looked and listened, but neither saw nor heard the train. The court said: "The ringing of a bell, or the blowing of a whistle, upon a train that is traveling backward, is calculated to deceive a traveler upon the highway. The distance of the alarm from the real point of danger well serves the purpose of lulling the traveler into a false sense of security. . . . His view toward the south was obstructed, but if a train with an engine at its head had been coming from that direction, he would have seen at least the smokestack of the engine. . . . Upon these facts the case was one eminently proper to go to the jury. As a matter of law, we cannot say this evidence discloses contributory negligence upon the part of the person injured."

In the Minnesota case above cited the concurrence of one of the justices is placed upon grounds which are peculiarly apposite to the facts disclosed by this record. It is there said: "I concur on the ground that it is not, as a question of law, negligence to fail to look or listen before attempting to cross such a spur-track, leading to a private industry, and used only two or three times a day by a switching train which runs slowly, such track being used only for the purpose of making connections with such private industry; that it was a question of fact for the jury whether or not plaintiff's intestate was guilty of negligence in failing to look and listen before attempting to cross this spur-track."

The conclusion here reached finds further support in the case of *Southern Pacific Co.* v. *Harada,* 109 Fed. 379, 381, [48 C. C. A. 423].

The judgment is reversed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 21, 1919.

Angellotti, C. J., Shaw, J., Lawlor, J., and Wilbur, J., concurred.

Lennon, J., did not vote; Melvin, J., and Olney, J., were absent.