[L. A. No. 7049. In Bank.—July 27, 1922.]

HENRY T. REAUGH et al., Appellants, v. THE CUDAHY PACKING COMPANY (a Corporation), et al., Respondents.

[1] NONSUIT—CONSIDERATION OF EVIDENCE—DUTY OF COURT.—A motion for a nonsuit is in effect a demurrer to the evidence introduced in support of the plaintiff's case which presents purely a question of law for the decision of the trial court, and it is the duty of the court, without regard to conflicts, to adopt only those reasonable inferences fairly deducible from the evidence which are most favorable to the plaintiff.

[2] NEGLIGENCE—RATE OF SPEED OF AUTOMOBILES.—The operator of an automobile is not necessarily exempt from liability for injuries to other persons occurring in a public street by showing simply that at the time of the accident he was running at a rate of speed allowed by law, for he still remains bound to anticipate that he may meet persons at any point of the street, and he must, in order to avoid a charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision using proper care and caution, and if the situation requires he must slow up and stop.

[3] EVIDENCE—BUSINESS STREETS—JUDICIAL KNOWLEDGE.—It may be accepted as a matter of judicial and general knowledge that both South Main Street and Eighth Street in the city of Los Angeles are business thoroughfares, which at the hour of 1:20 in the afternoon are usually congested with pedestrians and vehicular travel of all kinds.

---

2. Speed of automobile as negligence, notes, 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 993.

[4] NEGLIGENCE—INJURY TO PEDESTRIAN—CROSSING OF CITY STREET—OPERATION OF AUTOMOBILE—QUESTION OF FACT.—In an action for personal injuries received by a pedestrian from being struck by an automobile while in the act of crossing a busy street in front of an electric car, which had stopped at its usual stopping place to permit pedestrians to pass, the question of the defendant's negligence is one of fact for the jury, in view of the provisions of section 22 of the Motor vehicle law (Stats. 1919, p. 220) requiring operators of motor vehicles to drive the same in a careful and prudent manner and at a rate of speed not greater than is reasonable and proper, having regard to the traffic and use of the highway.

[5] ID.—ASSUMPTION OF PEDESTRIAN.—A pedestrian in crossing a city street in front of a street car which has stopped at its usual stopping place is justified in assuming that the car has stopped for the purpose of permitting passengers to board the same or alight therefrom and that, therefore, motor vehicles traveling to the right of and in the same direction as the car will, in keeping with the provisions of section 22 of the Motor Vehicle Act, be driven not closer than six feet from the running board or steps of the car.

[6] CONTRIBUTORY NEGLIGENCE — WHEN QUESTION OF LAW. — Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank J. Lavan and George L. Greer for Appellants.

Jennings & Belcher for Respondents.

LENNON, J.—In this action for damages for personal injuries the plaintiffs, husband and wife, appeal from a judgment of nonsuit entered in favor of the defendants. The motion for a nonsuit was made and granted upon the grounds that the evidence educed in support of the plaintiffs' case failed to show negligence on the part of the de-

4. Duty of pedestrian before crossing street to look for automobiles approaching on intersecting street, notes, 4 Ann. Cas. 400, 9 A. L. R. 1248.

fendants and did show contributory negligence on the part of the plaintiff Hattie L. Raugh, the injured party, who will be hereinafter referred to as the plaintiff.

The established facts of the plaintiff's case substantially stated are these: At about the hour of 1:20 in the afternoon of October 23, 1920, the plaintiff was struck and seriously injured by a Dodge roadster automobile owned by the defendant, The Cudahy Packing Company, and driven by the defendant Wells, who at the time of the accident was agent and employee of the defendant company. Immediately preceding the accident plaintiff was in the act of crossing South Main Street in the City of Los Angeles at its intersection with Eighth Street, and as she stepped from the easterly curb of South Main Street she observed approaching a southbound electric street-car. Upon reaching the middle of the street plaintiff stopped and waited until the street-car came to a stop and then started to cross the tracks, passing in front of the standing street-car approximately ten feet from its front end. The place where the street-car came to a stop was its usual stopping place and it was usually stopped there for the purpose of permitting pedestrians to cross the street. Plaintiff's left foot had projected across the outer or westerly rail of the street-car track, her right foot still being within the space between the two rails, when the automobile driven by the defendant Wells "bore down upon her." The left front wheel of the automobile caught and pinned down plaintiff's left foot and at the same instant she was struck on the left side of her body by the left front fender of the automobile and violently thrown backwards to the pavement. At the time plaintiff stood in the middle of the street waiting for the street-car to stop, the automobile in question was observed by a witness to the accident to be at a distance of between 100 and 150 feet behind the street-car and traveling at the rate of 25 or 30 miles per hour in the same direction with the street-car. The street-car was slowing down, but the automobile continued to travel at the speed just stated until it approached to within 10 or 15 feet of the street-car, when it slowed down to about 15 miles an hour, and then swung to the right of the street-car just sufficiently to make a clearance and continued its course alongside the street-car at a speed of 12 or 15 miles an hour. The front part of

the automobile cleared the front steps of the street-car by about two feet.    The rear part of the automobile was further away from the street-car, that is to say, the front part of the automobile when it passed the front steps of the street-car was closer to the rail than the rear end of the automobile, which was between three and four feet of the rail. The brakes of the street-car had been applied and the car itself was almost at a complete stop when the automobile swung to the right and the car was standing still when the automobile, between two and three feet from the car and ten feet from the street curb and still traveling at a speed of 12 or 15 miles an hour, passed the front steps of the street-car.    The automobile did not slow down its speed below 12 or 15 miles an hour until after it collided with plaintiff.    Other pedestrians were present and passing on the street crossing where the plaintiff was struck, and while plaintiff was proceeding across the tracks in front of the standing car she "was looking all around," but because the automobile came so quickly she did not notice its approach until it struck her.

The Motor Vehicle Act (Stats. 1919, pp. 191 to 217, subd. O, sec. 20) provides that when "passing . . . any street car while passengers are alighting from or boarding the same, vehicles shall be operated or driven on the right side of such cars at a rate of speed not exceeding 10 miles an hour and no portion thereof . . . shall come within six feet of the running-board or steps of such car and shall at all times be operated with due care and caution so that the safety of passengers shall be assured."

It was a stipulated fact in the plaintiff's case that the distance from the west curb of South Main Street to the nearest street-car rail is 18 feet and 2 inches.    The trial court was evidently of the opinion that the negligence complained of was predicated primarily upon a violation of the Motor Vehicle Act in driving the automobile alongside a standing street-car closer than 6 feet and faster than 10 miles an hour, and accordingly held the defendants free from actionable negligence in the absence of any evidence showing that the street-car had fully stopped and that passengers were alighting therefrom at the time the automobile swung to the right of and passed the street-car.    The plaintiff's case, however, as presented in the amended complaint,

did not proceed entirely upon the theory that the injuries to her resulted from the "unlawful manner" in which the automobile was operated, but alleged as well that the accident and the injuries to the plaintiff were the result of the "careless, negligent, and reckless . . ." operation of the automobile by the defendant Wells.

[1]  The motion for a nonsuit being in effect but a demurrer to the evidence received in support of the plaintiff's case, presented for the decision of the trial court purely a question of law, and, therefore, for the purpose of the motion, assumed the truth of all the evidence educed in support of the plaintiff's case. This is the settled and generally well-understood rule, and taking such evidence as true, it was the duty of the trial court, without regard to the conflicts, if any, appearing therein, to adopt only those inferences, reasonable, of course, fairly deducible therefrom, which were most favorable to the plaintiff. The evidence bearing immediately upon the happening of the accident, as hereinabove outlined, is stated according to its fair and reasonable tendency, and viewing it, as must be done for the purpose of testing the effectiveness of a motion for nonsuit, in the light of inferences most favorable to plaintiff's case, we are constrained to hold that it clearly created a *prima facie* case of negligence against the defendants.

Conceding, as is contended, that the Motor Vehicle Act, concerning the operation and control of vehicles approaching and passing standing street-cars, unloading or receiving passengers, was intended solely for the benefit of passengers, and not pedestrians, and that, therefore, it cannot be said, in the absence of a showing that the street-car in question had come to a complete stop and that passengers were alighting therefrom or about to board the same at the time the automobile swung to the right, that defendant Wells was not guilty of negligence *per se* in passing the street-car in question closer than 6 feet and faster than 10 miles an hour. It may also be conceded that the rate of speed at which the defendant Wells was traveling when passing the street-car was not in excess of the 15 miles an hour rate provided and permitted by other provisions of the Motor Vehicle Act (Stats. 1919, p. 220, sec. 22), and that, therefore, actionable negligence cannot be predicated

upon a violation of the statute in that particular. But it will be noted that the Motor Vehicle Act (Stats. 1919, p. 220, sec. 22) also provides that "Any person operating or driving a motor or other vehicle on the public highways shall operate or drive the same in a careful and prudent manner and at a rate of speed not greater than is reasonable and proper, having regard to the traffic and use of the highway, and no person shall operate or drive a motor vehicle or other vehicle on a public highway at such a rate of speed as to endanger the life or limb of any person or the safety of any property." This is but a reiteration of the rule, in statutory form, which has always been in force without regard to a statutory promulgation to the effect that drivers or operators of vehicles, and more particularly motor vehicles, must be specially watchful in anticipation of the presence of others at places where other vehicles are constantly passing, and where men, women, and children are liable to be crossing, such as corners at the intersections of streets or other similar places or situations where people are likely to fail to observe an approaching automobile. (2 R. C. L. 1184, sec. 19.)

[2] So, therefore, even though the statutory limitation of speed has not been exceeded, the rate of speed at which an automobile may be traveling may be held under some circumstances to be negligent. That is to say, the operator of an automobile is not necessarily exempt from liability for injuries to other persons occurring in a public street by showing simply that at the time of the accident he was running at a rate of speed allowed by law. He still remains bound to anticipate that he may meet persons at any point of the street, and he must, in order to avoid a charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another person using proper care and caution, and if the situation requires he must slow up and stop. (*Kessler* v. *Washburne,* 157 Ill. App. 532; *Zarzana* v. *Neve Drug Co.,* 180 Cal. 32 [15 A. L. R. 401, 179 Pac. 203].)

[3] Although not shown in evidence it may be accepted as a matter of judicial and general knowledge, as it doubtless was by the court below, as a fact in the case that both South Main Street and Eighth Street, in the city of Los Angeles, are business thoroughfares which, at the hour at which the

accident in question occurred, are usually congested with pedestrians and vehicular travel of all kinds. (*Varcoe v. Lee,* 180 Cal. 338 [181 Pac. 223], and *Fifth Ave. Coach Co. v. New York,* 221 U. S. 467 [55 L. Ed. 815, 31 Sup. Ct. Rep. 709, see, also, Rose's U. S. Notes].)

[4] The place of the accident, at the intersection of a busy street in the downtown business section; the time of its occurrence, 1:20 in the afternoon of Saturday; the custom of stopping the street-car at the point of the accident to permit pedestrians to pass, are all circumstances which make the question of the negligence of the defendants one of fact and not of law which should have been submitted to the jury for deliberation.

It is further contended by respondents that plaintiff was guilty of contributory negligence in failing to exercise a proper degree of care for her own safety. In this behalf it is argued that plaintiff, as a matter of law, was in duty bound to look toward the north to see if any automobile was approaching, and further, that had she so looked she necessarily must have seen respondent's oncoming car unless her view was obstructed. That is to say, it is insisted if she could have seen the approaching automobile and did not she was negligent, and that if her view was obstructed she was negligent, as a matter of law, in leaving a place of safety and attempting to cross the street.

There is no evidence showing as a matter of law that plaintiff could have seen the machine on her right, or that she heedlessly or carelessly stepped into the path of the moving automobile. There was nothing to warn her that the automobile would turn in toward the car track immediately upon passing the car. She had not passed clear of the car rails, concededly under the circumstances a place of safety, and while she could without effort have seen the traffic to her left, from which source there was no danger, her view to the right must of necessity have been obstructed by the standing car, making it extremely difficult, if not impossible, for her to have observed a vehicle approaching, as was defendant's automobile, in such close proximity to the car. Even had she seen the approaching automobile, she could not have avoided being struck, for the machine, less than 20 feet away and traveling at the rate of 22 feet

a second, would have been upon her before she could draw back after first sighting it.

[5] It was not negligence as a matter of law under the circumstances of this case on the part of Mrs. Reaugh to attempt to cross the street merely because her view to the right was obstructed by the street-car. To require a pedestrian to refrain from crossing a busy street intersection in the business section of a large city during a rush hour until the street is free from obstructions would be to require more than ordinary care and to impose upon such pedestrian the degree of care applicable in all its strictness only to travelers at a railroad crossing in looking out for approaching trains. That such a degree of care was imposed upon pedestrians was negated in *Mann* v. *Scott,* 180 Cal. 550 [182 Pac. 281], wherein the rules of law with regard to the respective rights and obligations of persons using the public streets were considered by this court, and it was there held that there was no positive duty on the part of pedestrians about to cross a street to stop, look and listen, and that the question of negligence, under the usual rule of ordinary care that devolved on pedestrians, must be examined and applied in the light of all the attending circumstances. From the position of the defendant's automobile with reference to its proximity to the street-car shortly before striking the plaintiff, coupled with the fact that plaintiff, having been partly within the space between the two rails just before she was struck, could scarcely have advanced her left foot a distance of three feet beyond the outer rail, it is a fair inference that the automobile just before it struck the plaintiff was swinging in toward and closer to the car tracks, thereby lessening the distance between the auto and the rails. Another of the attending circumstances of the instant case was the usual practice of stopping street-cars at that particular point to permit pedestrians to pass. There was no reason for plaintiff to anticipate that an automobile would suddenly emerge from a concealed position, going at the rate of 15 miles an hour. (*McMullen* v. *Davenport,* 44 Cal. App. 695 [186 Pac. 796].) On the contrary, plaintiff was justified in assuming that the street-car had stopped for the purpose of permitting passengers to board the same or alight therefrom, and that, therefore, motor vehicles traveling to the right of and in the same direction of the street-car

would, in keeping with the provisions of the Motor Vehicle Act, be driven not closer than 6 feet from the running board or steps of such car.  (*Mann* v. *Scott, supra*.)   If the defendant Wells had been driving the automobile in question at the prescribed distance of 6 feet from the street-car, as plaintiff had a right to assume in view of all the attending circumstances, there would, of course, have been no accident, for it is apparent that in such a situation the defendant could not have failed to observe the plaintiff and she would have had ample opportunity to have seen and avoided the oncoming automobile.

[6]   Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury.  (*Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237 [116 Pac. 513]; *Wing* v. *Western Pacific*, 41 Cal. App. 251 [182 Pac. 969]; *Bailey* v. *Market St. Ry. Co.*, 110 Cal. 320, 328 [42 Pac. 914].)

Under the evidence stated the question of the negligence of the defendant and that of the contributory negligence of the plaintiff were clearly questions of fact for the determination of the jury.   The motion for a nonsuit was, therefore, improperly granted.

The judgment appealed from is reversed.

Lawlor, J., Wilbur, J., Shurtleff, J., Waste, J., Sloane, J., and Shaw, C. J., concurred.