[Civ. No. 6666. Second Appellate District, Division One.—July 9, 1931.]

ANDREW SCOTT, a Minor, etc., Appellant, v. LOUIS R. SHAW, Respondent.

RUTH J. SCOTT, Appellant, v. LOUIS R. SHAW, Respondent.

Nimmo, Leighton & Heath and Mark A. Hall for Appellants.

Kidd, Schell & Delamer and Patrick F. Kirby for Respondent.

BISHOP, J., *pro tem.*—Andrew Scott, aged four years, was struck by an automobile driven by defendant on a public highway in Los Angeles city. By his guardian *ad litem*, Andrew brought suit to recover for the injuries he sustained, and in a separate action his mother sought reimbursement for the expenses she incurred because of his injuries. Pursuant to stipulation, the actions were consolidated and proceeded to trial. From a judgment of nonsuit and an order denying them new trials both plaintiffs appeal. Because there is evidence which would warrant the jury in finding that the defendant drove negligently and that his negligence was the proximate cause of the accident, the motion for a nonsuit should not have been granted.

From the evidence the jury may well have seen this picture: Andrew and his nurse with his little sister Jean, who is just out of school for the noon recess, are walking south along the east side of Burlington Avenue, between Acacia and Maryland Streets. Jean, six years old, runs across Burlington Avenue to the opposite side. A few seconds more and Andrew breaks away from his nurse, runs around the end of an automobile parked obliquely to the curb and out into the street. When fifteen feet beyond the automobile he hesitates, then goes on, his course being south of a direct line across the street. Burlington Avenue, between Acacia and Maryland Streets, drops toward the south at a grade of 7.8 per cent. Down Burlington Avenue the defendant is driving a Studebaker sedan, first seen by the nurse when it is just south of Acacia Street, regarded again when about forty feet north of the path of the boy

and then as it shuts out the boy from her sight. Its speed, the jury could believe, was twenty-eight to thirty miles an hour from the time it was first noticed until forty feet from the boy's path. At the time the car driven by defendant was forty feet away from Andrew, he was at the point fifteen feet beyond the parked car. As it is an exceptional college athlete who can run thirty feet in one second, i. e., a hundred yards in ten seconds, the jury may well have thought that it took Andrew, four years of age and hesitating at the end of the distance, two or three seconds to run the fifteen feet he was in clear sight of anyone looking at him from the defendant's direction, and that defendant, consequently, drove eighty-eight to one hundred and thirty-two feet while Andrew could be seen in the street before he arrived within forty feet of him. Andrew went on and so did defendant, swerving first to the west, then over to the curb on the east side of the street, striking Andrew, breaking his leg, as their paths crossed. Just before the point of intersection defendant's brakes "squealed" for the first time.

From this picture the jury could with reason conclude that defendant either was not watching the street, which it was his duty to do (*Rush* v. *Lagomarsino,* (1925) 196 Cal. 308 [237 Pac. 1066]), or did not have his car under that control which the law requires of a driver. (*Reaugh* v. *Cudahy Packing Co.,* (1922) 189 Cal. 335 [208 Pac. 125].) If failing in either duty, his failure was negligence proximately causing the accident. It was error to grant a nonsuit and the judgment so entered is reversed. ■ As an appeal is not authorized from an order denying a motion for a new trial, the appeal from that order is dismissed.

Conrey, P. J., and Houser, J., concurred.