[Civ. No. 1240. Fourth Appellate District.—July 21, 1933.]

ROBERT JONES, a Minor, etc., et al., Respondents, v. DOUGLAS D. DAVIES et al., Appellants.

Ray W. Hays for Appellants.

Frederick W. Welsh for Respondents.

TURRENTINE, J., *pro tem.*—Plaintiffs (a minor child and his father) filed suit against defendants for damages arising out of collision between plaintiff's minor child and an automobile driven by one defendant for the other defendant in the scope of his employment. Plaintiffs recovered judgment and defendants appeal.

The minor plaintiff, a boy ten years old at the time of the accident, was playing on the east side of the highway running through the city of Delano at about 8 o'clock in the evening. He approached the easterly side of the highway, stopped, observed the traffic, watched two cars pass in opposite directions, and then started to cross the highway in the middle of the block. He testified, in substance, that he waited on the easterly side of the highway for two cars to go by, one going north and one going south, after which he looked up and down the highway and started across; that when he was a little beyond the center of the street he was struck by defendants' automobile and did not see it before he was hit; that after he started running across the street he looked but did not see defendants' automobile. The defendant driver testified that he did not see the boy before the car struck him. He placed the speed of his automobile at between fifteen and eighteen miles per hour. Some witnesses placed it at thirty-five miles per hour. The lights on the automobile were burning. The evidence showed that there were a number of business houses along the highway in the immediate proximity of the accident, and some traffic on the highway.

The record brings us inevitably to the conclusion that under the facts of this case, it was a question for the trial judge to determine whether or not the driver was negligent, and whether his negligence was a proximate cause of the accident and injuries. "From this picture the jury could with reason conclude that defendant either was not watching the street, which it was his duty to do, or did not have his car under that control which the law requires of a driver. If failing in either duty, his failure was negligence proximately causing the accident." (*Scott* v. *Shaw*, 115 Cal. App. 400 [1 Pac. (2d) 531, 532].)

We likewise are of the opinion that it was a question of fact for the trial court to determine whether or not the

minor plaintiff was guilty of contributory negligence. When a boy ten years old crosses a highway, and is injured, even though he fails to look before crossing, the question of his negligence is usually and naturally a question of fact for the determination of the jury or trial court. (*Shannon* v. *Central-Gaither Union School Dist.*, *ante*, p. 124 [23 Pac. (2d) 769].) There is evidence that he looked before he started across the street, and under such circumstances the following rule is applicable: ''Where he looks but does not see an approaching automobile, or seeing one, erroneously misjudges its speed or distance, or for some other reason assumes he could avoid injury to himself, the question is usually one for the jury.'' (*White* v. *Davis*, 103 Cal. App. 531, 542 [284 Pac. 1086, 1091].) The trial court was, therefore, justified in finding adversely to defendants in this case on both the question of negligence of the driver and the contributory negligence of the boy.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 14, 1933.