[Civ. No. 9193.   First Appellate District, Division One.—June 25, 1935.]

ANTHONY G. URBANO, Jr., Respondent, v. MARKET STREET RAILWAY COMPANY (a Corporation), Appellant.

William M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Appellant.

Elmer P. Delany, George J. Hatfield and Frank J. Perry for Respondent.

THE COURT.—This is an appeal by the defendant from a judgment in favor of the plaintiff for injuries received in an accident growing out of a collision between a street car operated by the defendant company and a motorcycle operated by the plaintiff. The major contention of the defendant is that the evidence clearly establishes, as a matter of law, plaintiff's contributory negligence.

In reviewing the evidence on such an appeal all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict, if possible. It is an elementary principle of law that when the verdict is attacked as being unsupported, the power of the appellate court begins and ends with determining whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court. (*Treadwell* v. *Nickel,* 194 Cal. 243 [228 Pac. 25] ; *Bancroft-Whitney Co.* v. *McHugh,* 166 Cal. 140 [134 Pac. 1157] ; *Wing* v. *Kishi,* 92 Cal. App. 495 [268 Pac. 483].) To establish the defense of contributory negligence as against a verdict of a jury, the evidence must be such that the appellate court can say that there is no substantial conflict; that from the facts the court can reasonably draw but one inference, which inference points unerringly to the negligence of the plaintiff proximately contributing to his injury. (*Green* v. *Southern Pacific Co.,* 53 Cal. App. 194 [199 Pac. 1059] ; *Carey* v. *Pacific Gas & Electric Co.,* 75 Cal. App. 129 [242 Pac. 97] ; *Wing* v. *Western Pacific R. R. Co.,* 41 Cal. App. 251 [182 Pac. 969].) We therefore must construe the evidence bearing upon the issue of contributory negligence of the plaintiff in the light most favorable to plaintiff.

Keeping these well settled rules in mind, we now turn to a review of the evidence. Defendant operates a single track

railway along Clay Street and across Stockton Street in the city and county of San Francisco. Traveling from Powell Street to Stockton Street the cable cars on this line descend a fifteen per cent grade in an easterly direction on Clay Street to a grade crossing located at the intersection of Clay and Stockton Streets. The cable speed is eight miles an hour. Along Stockton Street the city and county of San Francisco operates a double track street railroad running in a northerly and southerly direction. On March 24, 1929, at about the hour of 9:30 A. M., the plaintiff was operating a motorcycle in a southerly direction on Stockton Street towards this grade crossing. A companion of plaintiff, a young lady, was riding on a cushion on the rear fender of the motorcycle. The day was bright and clear and the streets were dry. When the plaintiff reached Clay Street, his motorcycle collided with the left side of an eastbound Clay Street cable car. The plaintiff is a messenger employed by the Western Union Telegraph Company. He had been a resident of the city and county of San Francisco for several years and was familiar with this intersection. Just before the collision, as plaintiff proceeded south on Stockton Street across Clay Street, he was traveling along a line parallel to the westerly curb line of Stockton Street and three or four feet to the east thereof. Plaintiff admitted he did not see the car until he reached the north property line of Clay Street, and from there that he saw for the first time, he testified, the front end of the car which was from four to six feet to the west of the westerly property line of Stockton Street; that the car was moving slowly, at a speed of six or eight miles per hour; that his brakes were in good condition, and under the conditions there prevailing he could stop his motorcycle in ten or twelve feet; that he did not apply his brakes or attempt to slow up the motorcycle, but continued at twelve to fourteen miles an hour until he was midway between the north curb line of Clay Street and the northerly rail of the Clay Street car track; that at this point he saw the car driving into the intersection; that it seemed to him to pick up speed; that for the first time he realized the danger of collision if he continued on his intended course in front of the car; that he then suddenly turned his motorcycle in a westerly direction up Clay Street

towards Powell Street; that he was never in the path of the car; that he was not struck by the truck of the car; that after he had thus turned to the right up Clay Street, and when he had reached a point two or three feet west of the curb line of Stockton Street, the left handlebar of his motorcycle struck the side of the car at a point some ten feet to the rear of the front of the car. The plaintiff admits that his motorcycle collided with the front part of the inclosed section of the cable car. Plaintiff, the evidence shows, from the time he saw the car until the collision occurred, traveled a distance of not less than twenty-five feet. Instead of applying his brakes and stopping within twenty-five feet, plaintiff turned his motorcycle up the hill to avoid colliding with the cable car. At the time plaintiff turned his motorcycle up the hill to avoid the car, plaintiff's lady companion was seated on the rear fender of his motorcycle. Appellant contends that plaintiff's failure to stop his motorcycle under such circumstances, the speed at which he entered the intersection, his failure to turn to the left, in the direction in which the car was traveling, and his failure to exercise care to look for the approach of this car, constituted negligence as a matter of law.

Conduct such as that admitted by plaintiff has been held to constitute negligence as a matter of law. In *Hamilton* v. *Birmingham etc. Co.*, 198 Ala. 630 [73 So. 950], the court said: "We do not mean to say or hold that there was any evidence on the part of the defendant as to original or initial negligence; but, even if such were the case, it clearly and indisputably appears that the plaintiff was guilty of negligence which proximately contributed to his own injury, in that after the motor car, or the front end of it, had passed his motorcycle with safety to him, he drove, or allowed his motorcycle to approach, too near to the street cars, thereby causing the collision resulting in his injury."

In *Westcott* v. *Waterloo etc. Ry. Co.*, 173 Iowa, 355 [155 N. W. 255], the court in a similar state of facts said: "When he discovered the car, he turned abruptly to the east and collided with the car at a point opposite the front trucks. Defendant's car, if not at, was very close to, Second street when the deceased first looked up. He did not slacken his speed or change his crouching position upon the motorcycle. Nothing that defendant could have done after discovering his

position could have avoided the collision. The plaintiff has not only failed to show freedom from contributory negligence, but we think that the record affirmatively shows such contributory negligence on deceased's part, such want of care for his own safety, as precludes recovery in this case.'' In *Sharpe* v. *Public Service Ry. Co.*, (1927) 103 N. J. L. 583 [137 Atl. 526], the court said: ''The trolley car with which the plaintiff collided had nearly crossed the intersecting New street, and the motorcycle struck the trolley near the rear end. The slightest observance at a proper time of the conditions before him would have indicated the dangerous situation presented, and it was the want of this observance, together with heedless proceeding in the face of danger, which in part at least brought to the plaintiff his misfortune.''

In the case at bar, plaintiff's testimony further shows that the cable car was in his plain view, had he taken care to look along the lines of possible vision as he approached Clay Street. Plaintiff, by his own admissions, saw the car. The cable car was in plain view during the time respondent was traveling the last forty feet prior to reaching the north property line of Clay Street. In *Cate* v. *Fresno Traction Co.*, 213 Cal. 190 [2 Pac. (2d) 364], the court said: '' 'The law presumes that a person possessing normal faculties of sight and hearing must have seen and heard that which was within the range of his sight and hearing.' (*Young* v. *Southern Pacific Co.*, 189 Cal. 746, 754 [210 Pac. 259, 262].) Therefore, if he looked for a car he must have seen it, and in deliberately driving his machine upon the car track with the car approaching, Bruce was guilty of negligence of the most extreme character.'' Since it is admitted that the respondent did not see the street car until he reached the north property line of Clay Street, the conclusion is irresistible that respondent did not exercise ordinary care to maintain a lookout as he approached the north property line of Clay Street.

Respondent's failure to stop his motorcycle under circumstances such as outlined in the testimony in this case, the speed with which he entered the intersection, his failure to turn to the left in the direction that the cable car was traveling, his turning to the right into the side of the car, and his failure to exercise care to look for the approach of a cable car, constitute negligence as a matter of law, contributing to the hap-

pening of the accident. Defendant was therefore entitled to a directed verdict. The judgment is reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 25, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1935.