[Civ. No. 11607.   First Dist., Div. Two.—April 21, 1941.]

HAROLD J. ANDERSON, Respondent, v. SAN FRAN-
CISCO EXAMINER (a Corporation) et al., Appellants.

George M. Naus and Donald Seibert for Appellants.

Hugh K. McKevitt and Newell J. Hooey for Respondent.

NOURSE, P. J.—In a trial before a jury plaintiff had a
verdict for $6,000 for damages for injuries arising out of a
collision of two motor vehicles—one operated by plaintiff,
the other by defendant Davis in the course of his employment
by his codefendant.   The trial court denied defendants' mo-
tions for a nonsuit, a directed verdict, and for a new trial.

In denying the latter motion the trial court reduced the verdict to $2,500. The sole error assigned in the defendants' appeal from the judgment relates to the claim that plaintiff was guilty of contributory negligence as a matter of law.

The facts, which are without material dispute, but which will be stated in the light most favorable to the respondent, are: The collision occurred in the southeast quarter of the intersection of Geary Boulevard and Stanyan Street in the city of San Francisco. Geary Boulevard is 81 feet wide from curb to curb. Stanyan Street is 63 feet wide and intersects Geary Boulevard on its southerly line, but does not extend across the boulevard. Commonwealth Avenue intersects Geary Boulevard on the north side about 140 feet east of the terminus of Stanyan Street, but does not cross the boulevard. At about 3:15 A. M. of the night of January 10, 1940, defendants' vehicle was being operated southerly along Commonwealth Avenue to Geary Boulevard, thence westerly to the intersection with Stanyan Street, thence southerly to the point of collision. Respondent's vehicle was being operated easterly along Geary Boulevard about five feet from the southerly curb line, across the intersection of Stanyan Street, to the point of collision. This point was about five feet west of the prolongation of the easterly line of Stanyan Street, and about five feet north of the southerly curb line of Geary Boulevard. All witnesses gave the usual variation in their estimates of the speed of both vehicles, but the speed is not a material element. All agreed that the respondent did not change his course of travel easterly close to the southerly curb line of Geary Boulevard. All agreed that, as appellants' vehicle was operated westerly on the boulevard it turned sharply to the left, easterly of the center button, and "cut the corner" into Stanyan Street.

Following the collision appellants' vehicle lay on its side in the extreme southeasterly portion of the intersection partly upon the sidewalk at that corner. Some evidence was offered that the respondent had failed to see the approach of the other vehicle until immediately before the time of impact. The appellants stress this fact as showing his negligence in failing to observe the danger. But evidence was also offered that it was raining at the time, and though the visibility was said to be good, and no other traffic impeded the view of

either driver, the defendant Davis testified that he did not see the respondent's vehicle until after the impact.

Upon the statement of the evidence it is apparent that the jury might well have drawn the inference that the collision was due to appellant's act in unlawfully cutting the corner in his attempt to beat respondent across the intersection, and that the latter was not negligent in assuming that appellant would proceed in the regular and usual manner to the center button before attempting to make the left hand turn.

But the jury having found by its verdict that respondent was not guilty of contributory negligence there is just one legal principle controlling the decision and that is stated in *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, 343 [208 Pac. 125], as follows: "Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury."

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing was denied May 21, 1941, and appellants' petition for a hearing by the Supreme Court was denied June 19, 1941.