Filed 2/25/14  Pantoja v. Brent CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| JULIO PANTOJA,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DANIEL BRENT et al.,<br><br>     Defendant and Appellant. | A137291<br><br>(San Mateo County<br>Super. Ct. No. CIV506012) |


Following a court trial, Daniel Brent, individually and doing business as Brent Landscaping (Brent), appeals a judgment finding him liable for failing to pay overtime to his employee Julio Pantoja.  Brent contends the trial court erred in its interpretation of California Labor Code section 510, subdivision (b) (hereafter Labor Code section 510(b)), dealing with compensation for commute time, and that the federal Portal-to-Portal Act of 1947 (29 U.S.C. §§ 251, 254(a)) modifies the California Labor Code to exempt employee travel time.  We affirm.

## I. EVIDENCE AT TRIAL

For approximately four years, Julio Pantoja worked as a landscaper for Brent.  According to Pantoja, he routinely worked in excess of forty hours a week, from 7:00 a.m. to 5:00 p.m. or later, but was rarely paid overtime for work that exceeded eight hours.  At trial, Brent conceded his failure to pay overtime on at least four occasions, but maintained that Pantoja's actual hours worked were typically forty hours or less each week.

Brent testified that Pantoja drove a company-owned truck and arrived at Brent's home at 7:00 a.m. for a daily briefing. At the briefing, Brent gave him a list specifying the homes to visit and tasks to be completed. Pantoja then drove to a company storage area to pick up and load the requisite tools. Pantoja next proceeded to the first job on Brent's list. After finishing work at the last house, Pantoja drove back to the storage area and unloaded the truck. Brent claimed that all of this commute time, approximately seventy-five to one hundred-twenty minutes daily, was non-compensable.

## II. DISCUSSION

Brent claims Labor Code section 510(b) and the federal Portal-to-Portal Act are dispositive of his claims on appeal. His brief, however, provides us with no clear explanation for this conclusion. His argument appears to be that an employer who does not compel or control an employee's travel is not required to compensate that time, deeming it "commute time." Brent further argues that because he provided Pantoja with a company-owned vehicle, that all time Pantoja spent in that vehicle was beyond employer control and, thus, exempt from compensation as "commute time."

### A. *Applicable Law and Standard of Review*

Questions of law regarding statutory interpretation, where the facts are not disputed, are reviewed de novo and the appellate court is free to draw its own conclusions independent of the trial court. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799; *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.) For questions of fact, the appellate court must, "view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor in accordance with the standard of review." (*Jessup Farms v. Baldwin* (1983) 33 Cal.3d 639, 660.) "When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court." (*Urbano v. Market S. R. Co*. (1935) 8 Cal.App.2d 22, 23.)

Where, as here, there is no statement of decision, we apply the doctrine of implied findings to all questions of fact. Under this doctrine, we presume the trial court made all necessary factual findings to support its decision. (*Acquire II, Ltd. v. Colton Real Estate*

2

*Group* (2013) 213 Cal.App.4th 959, 970.)  This doctrine "is a natural and logical corollary to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error."  (*Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 58.)  Therefore, facts not in dispute or that are absent from the record will be found properly adjudged by the superior court.

### B.     *Labor Code section 510(b) Does Not Apply*

Brent argues that the trial court erred in its interpretation of Labor Code section 510(b) because it found compensable all of Pantoja's time from the morning briefing until he returned Brent's tools to the storage unit at the end of the day.  Rather, Brent contends that Labor Code section 510(b) exempts employees from compensation if an employer does not compel or control employee travel.  We disagree, finding Labor Code section 510(b) simply has no application in the instant case.

Labor Code section 510(b) provides:  "Time spent commuting to and from the first place at which an employee's presence is required by the employer shall not be considered to be a part of a day's work, when the employee commutes in a vehicle that is owned, leased, or subsidized by the employer and is used for the purpose of ridesharing, as defined in Section 522 of the Vehicle Code."[1]

Brent argues that the proper interpretation of Labor Code section 510(b) is that every moment an employee spends in a company vehicle is non-compensable, commute time.  However, the California Supreme Court has read Labor Code section 510(b) to mean, "[t]hat certain time spent commuting 'to and from the first place at which an employee's presence is required by the employer' on employer-provided transportation *for purposes of ridesharing* (defined in Veh. Code, § 522), is excluded from the calculation of an eight-hour day."  (*Morillion v. Royal Packing Co.* (2000) 22 Cal.4th

---

[1]     California Vehicle Code section 552 defines "Ridesharing" to mean:  ". . . . two or more persons traveling by any mode, including, but not limited to, carpooling, vanpooling, buspooling, taxipooling, jitney, and public transit."

575, 590, fn. 6 (*Morillion*), italics added.)  In the instant case, nothing in the record suggests that the company truck Pantoja drove was used for ridesharing.  Accordingly, the challenged commute time is not within the purview of Labor Code section 510(b).

Nevertheless, Brent, relying on *Overton v. Walt Disney Co.* (2006) 136 Cal.App.4th 263 (*Overton*), argues that Labor Code section 510(b) excludes, as non-compensable commute time, periods where an employee voluntarily rides employer-provided transportation to and from their first place of work.  (*Overton*, *supra*, 136 Cal.App.4th at 270.)  In *Overton*, an employee sought payment for the time it took him to park his car in the company parking lot and take the company transport to his first duty station.  (*Id.* at 273.)  The court denied the employee's claim, holding that travel time to his first place of work was compensable only if he was *required* to take the employer's transport.  (*Id.* at 271.)  Similarly, *Morillion, supra,* 22 Cal.4th, at pages 583-584, instructs that time an employee spends subject to an employer's *control* is compensable. In so holding, *Morillion* notes that the dictionary definition of "control" means any period where an employer " 'directs, commands, or restrains' an employee.  [Citation.]" (*Id.* at p. 583.)

In the instant case, Brent required his employees to:  1) arrive at 7:00 a.m. for a morning briefing; 2) drive to the storage unit to pick up the requisite tools; and 3) return the tools to the storage unit at the end of the day.  Nothing in the record establishes that employees were free to disregard the morning briefing, any subsequent travel, or to use anything but a company vehicle for these tasks.  We, therefore, conclude that Pantoja's time worked between 7:00 a.m. until he returned Brent's tools was properly adjudicated as hours worked and, thus, compensable.

## C.     *Portal-to-Portal Act Does Not Apply*

Brent argues that the Portal-to-Portal Act, which amends the federal Fair Labor Standards Act (29 U.S.C. § 254), exempts employee travel time from compensation and acts to modify the California Labor Code.

Federal law allows individual states to adopt distinct policies that provide greater protection to their own residents and they may apply those policies to persons or

4

companies that conduct business within their state.  (*Kearney v. Salomon Smith Barney, Inc.* (2006) 39 Cal.4th 95, 105.)  In other words, federal law establishes the floor not the ceiling with respect to employment issues.  (See, e.g., 29 U.S.C. § 218(a); 29 C.F.R. § 778.5 (2013).)  Consistent with this policy, California has promulgated its own Labor Code and Industrial Welfare Commission (IWC) Wage Orders that address employment issues such as travel time, and " ' "[h]ours worked." ' " [2]  (*Martinez v. Combs* (2010) 49 Cal.4th 35, 62.)  Landscape contracting companies, such as Brent's business, fall within the scope of Labor Code section 510 and IWC Wage Order 16-2001.  (Cal. Code. Regs., tit. 8 § 11160; see Bus. & Prof. Code, § 7027.5.)  Pursuant to IWC Wage Order No. 16-2001(5)(A), once an employee reports to the first place his presence is required by the employer, all further employer-mandated travel that occurs after, "shall be compensated at the employee's regular rate of pay or, if applicable, the premium rate that may be required by the provisions of Labor Code Section 510 and Section 3, Hours and Days of Work, above."  (Cal. Code. Regs., tit. 8 § 11160, subd. 5(A).)

The California Supreme Court has found the California Labor Code and IWC Wage Orders to be more protective of employees because they do not contain express exemptions for travel time and should therefore be applied over the narrower federal law.  (*Morillion, supra,* 22 Cal.4th 590.)  Accordingly, we find no cause to apply the Portal-to-Portal Act to this case.[3]

### III. DISPOSITION

Judgment is affirmed.  Pantoja is entitled to costs on appeal.

---

[2]     The California Constitution grants the Industrial Welfare Commission authority to draft Wage Orders, moderating the employee-employer relationship.  (Art. XIV, § 1.)

[3]     By reason of this holding, we need not address Brent's claim that the Portal-to-Portal Act modifies the California Labor Code.

_____
REARDON, J.

We concur:

_____
RUVOLO, P. J.

_____
RIVERA, J.