[S. F. No. 12319.   Department One.—June 19, 1928.]

RAYMOND FLORES (a Minor), by His Guardian, etc., Respondent, v. PHILIP FITZGERALD, Appellant.

Ford, Johnson & Bourquin for Appellant.

Harry I. Stafford and Dean Cunha for Respondent.

CURTIS, J.—Action to recover damages as a result of injuries sustained in a collision between plaintiff's motorcycle and defendant's automobile. The plaintiff being a minor, the action was instituted and is being prosecuted by his guardian *ad litem*. The jury before whom the action was tried rendered a verdict in favor of the plaintiff, and from a judgment entered thereon the defendant has appealed.

The first contention of appellant is that respondent was guilty of contributory negligence as a matter of law and therefore that the trial court erred in denying appellant's motion for a nonsuit, made at the close of respondent's evidence, and also in denying appellant's motion for an instructed verdict in his favor, made at the conclusion of all of the evidence. The collision occurred at the intersection of Fulton and Buchanan Streets in the city of San Francisco. The respondent, on a motorcycle, was traveling in a southerly direction on Buchanan Street at its intersection with Fulton Street. He did not stop before entering this intersection, but was traveling at a speed of about eight miles per hour, with his foot dragging, and, as he testified, could have stopped his machine at any time within one foot; that just before he entered the intersection he noticed appellant's machine, about 150 feet westerly on Fulton Street, approaching the intersection at a rapid rate of speed between 35 and 40 miles per hour. He proceeded to cross the intersection, but did not again look toward appellant's machine until he was about ten feet beyond the center of the intersection, when he

looked to his right and appellant's automobile was "right on" him. Appellant gave no warning, by sounding his horn or otherwise, of his approach. He was traveling at a rate of speed between 20 and 22 miles per hour when he entered the intersection. After striking respondent the machine of appellant dragged him and his motorcycle across the intersection and easterly on Fulton Street a distance of about 55 feet and stopped with one wheel on the sidewalk. There was evidence that a car of the type owned by appellant and driven at a speed of 15 miles per hour, upon the full pressure of the brakes being applied, could be stopped within five or six feet upon a street under the conditions existing at the time and place of the accident. Appellant admitted that he applied his brakes immediately on seeing respondent with such force as to leave black skid marks on the pavement for a distance of ten feet.

"Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury." (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, 336 [208 Pac. 125, 128]; *Smith* v. *Southern Pacific Co.*, 201 Cal. 57 [255 Pac. 500].) In all other cases the question of contributory negligence is a question of fact for the jury (*Walgren* v. *Market St. Ry. Co.*, 132 Cal. 656, 663 [62 Pac. 308, 64 Pac. 993]; *Jansson* v. *National Steamship Co.*, 187 Cal. 192 [208 Pac. 90]; *Smith* v. *Southern Pacific Co.*, *supra*). Appellant has suggested two circumstances as shown by the evidence in this case, which, he claims, support his contention that the respondent was guilty of contributory negligence which was the proximate cause of his injury. These two circumstances are that the respondent, after he saw the appellant 150 feet west of the intersection, proceeded to cross Fulton Street without further observing appellant's automobile, and that respondent failed to stop before entering said intersection. As to the contention that respondent failed to properly observe the movements of appellant's machine, after first seeing it 150 feet west of the intersection, appellant has cited *Donat* v. *Dillon*, 192 Cal. 426 [221 Pac. 193], where this court, on page 429 of the

opinion, said: "The defendant seeks to take the case out of the operation of this rule, and would, in effect, have us decide as a matter of law that one having reached the intersection and having given the signal indicating his intention to turn has then relieved himself of all further care in the matter. But it is obvious that such is not the law. A motorist must at all times use due care to avoid colliding with another; he must be ever alert and watchful, so as not to place himself in danger, and while he may assume that others will exercise due care, he cannot for that reason omit any of the care which the law demands of him. Assuming, therefore, that the defendant had the right of way, he was required to proceed across the intersection in a careful and prudent manner, ever watchful of the direction in which danger was most likely to be apprehended. He could not close his eyes so far as southbound traffic on Chester Avenue was concerned. To the contrary, having observed Riddle's car approaching at an exceedingly fast rate of speed for that vicinity, the defendant was no longer entitled to rely upon the presumption that the driver of this machine would comply with the rules of the road, and he was bound to take such reasonable measures as he could, under the circumstances, to prevent the injury." This decision, therefore, instead of being in favor of appellant's contention that the contributory negligence of respondent was a matter of law, plainly, and in unequivocal language, states that it is a matter of fact to be determined by the trial court, and that the finding of the ultimate fact by the trial court was binding upon this court.

■ Equally untenable is the contention of appellant that the respondent was guilty of contributory negligence which proximately caused his injury in failing to stop his motorcycle before attempting to cross the intersection. The board of supervisors of the city and county of San Francisco had adopted an ordinance making and designating Fulton Street, in said city and county, from Van Ness Avenue to Stanyon Street, an arterial street and making it unlawful for any driver or operator of any vehicle to cross an arterial street from an intersecting street unless said vehicle shall have been brought to a full stop before entering the intersection. Buchanan Street lies between

Van Ness Avenue and Stanyan Street. This ordinance, if ever effective, went into effect the day of the collision. There had not been any "stop" signs installed at the intersection of Buchanan and Fulton Streets at the time of said collision. The point is made by respondent that under the authority of *Ex parte Daniels*, 183 Cal. 636, 639 [21 A. L. R. 1172, 192 Pac. 442], the board of supervisors was without authority to pass said ordinance at the time of its enactment, and that it was not until the amendment of the Motor Vehicle Act, in 1925 (Stats. 1925, p. 414), that boards of supervisors were authorized to legislate upon the subject. It is not necessary to pass upon the validity of said ordinance for the reason that we are of the opinion, that, conceding said ordinance was valid and in full force and effect at the date of the collision, and that the respondent violated it by failing to stop before entering upon the intersection of said streets, we are not satisfied that such failure on his part in any way contributed to his injury. The evidence shows that upon entering the intersection he brought the speed of his motorcycle down to about six or seven miles per hour, and while traveling at this low rate of speed he had his machine under complete control. It does not appear that his failure to stop his machine momentarily before entering the intersection had any direct connection with, or was in any manner responsible for, the collision with appellant's automobile. Although the violation of the ordinance may have been negligence *per se*, yet, as it was not shown that such negligence was the direct or proximate cause of his injury, it will not defeat his right of recovery for damages sustained by reason of said injury (*Lawrence* v. *Southern Pacific Co.*, 189 Cal. 434, 442 [208 Pac. 966]). Had appellant been traveling at a lawful rate of speed just prior to, and at the time of, his entry upon the intersection of the two streets, respondent, even traveling at the low rate of speed at which the evidence shows he was traveling across the intersection, would have passed beyond the intersection before the appellant would have had time to enter thereon. These two streets are each forty feet wide. The collision occurred six feet north of the southerly curb of Fulton Street and three feet east of the westerly curb of Buchanan Street. Therefore, if appellant was 150 feet

west of Buchanan Street at the time respondent started to cross the intersection, he traveled 153 feet, while respondent was traveling 34 feet, over four and one-half times as fast as respondent. Respondent, as we have seen, was traveling between six and seven miles per hour, which would make appellant's rate of speed from 27 to 31 miles per hour. It is evident from this showing that it was appellant's act of traveling at this excessive rate of speed, at or just prior to the collision, which was the cause of the collision. As already noted, appellant was not able to stop his machine until it had traveled about 55 feet after the collision, although he applied his brakes at full pressure and at such force as to leave skid marks on the street for a distance of ten feet. Had respondent stopped before entering the intersection and then proceeded to cross the street at from 10 to 15 miles per hour, which was within the legal limit, the collision would, no doubt, have happened in much the same manner as described above. If such is the case, then we think the conclusion is irresistible that the proximate cause of respondent's injury was not his failure to come to a full stop before attempting to cross the street intersection, but was due directly to the excessive and unlawful rate of speed at which the appellant was traveling just before and while crossing said intersection. There was no error, therefore, in the court's denial either of appellant's motion for a nonsuit or his motion for an instructed verdict.

Appellant complains of the refusal of the court to give two instructions prepared by him. Each of these proposed instructions was refused for the reason that they were covered by other instructions given by the court. Appellant claims that the refusal of the first of these two rejected instructions deprived him of his defense of contributory negligence. Upon an examination of the instructions given by the court, we think it clearly appears that the court fully and fairly instructed the jury upon the question of contributory negligence, and that appellant's rights in this regard were amply safeguarded by the instructions given. The other of said rejected instructions referred to and defined the right of appellant in case the jury believed he was himself in the exercise of ordinary care, to assume and act upon the assumption that any

vehicle, including the motorcycle of respondent, traveling upon Buchanan Street, should be brought to a full stop before entering upon the intersection of that street with Fulton Street. While the trial court gave no instruction expressly defining this right of appellant, it did fully instruct the jury as to the force, effect, and meaning of said ordinance of the board of supervisors declaring Fulton Street an arterial street and that one of the requirements of said ordinance was that any vehicle before entering an intersection of such arterial street should be brought to a full stop. While the proposed instruction might well have been given, as it correctly stated the law governing the rights of parties using an arterial street as defined by said ordinance, we are not prepared to say that its refusal worked any serious prejudice to the rights of appellant, at least not sufficient to justify a reversal of the judgment. The jury, by the instructions given, were explicitly told that by the terms of said ordinance it was the duty of respondent before entering the intersection to bring his motorcycle to a full stop; that a violation of said ordinance was negligence in itself; that negligence on the part of plaintiff was called contributory negligence and that plaintiff could not recover if guilty of contributory negligence proximately contributing to his injury. As the jury found in favor of the plaintiff it must have believed that, notwithstanding his failure to comply with said ordinance by bringing his motorcycle to a full stop before entering upon the street intersection, such failure on his part was not the proximate cause of his injury. If respondent's failure to comply with the terms of the ordinance was not the proximate cause of the collision, then appellant's right to assume that the respondent would comply with said ordinance becomes a matter of no moment.

The judgment is affirmed.

Seawell, J., and Preston, J., concurred.

Hearing in Bank denied.