[S. F. No. 12429. Department One.—November 22, 1928.]

ALFRED G. THOMPSON, Respondent, v. PHILLIP FITZGERALD, Appellant.

Francis M. Foley and Ford, Johnson & Bourquin for Appellant.

Harry I. Stafford and Dean Cunha for Respondent.

SEAWELL, J.—Plaintiff sued to recover damages for personal injuries sustained by him on July 3, 1925, when a motorcycle upon which he was riding as the guest of one Raymond Flores, who was driving said motorcycle, collided with an automobile driven by defendant at the intersection of Fulton and Buchanan Streets in the city of San Francisco. The jury returned a verdict for plaintiff for fifteen hundred dollars, upon which was entered the judgment from which defendant appeals.

A judgment for Raymond Flores, the driver of the said motorcycle, against defendant and appellant herein was recently affirmed by this court. (*Flores* v. *Fitzgerald*, 204 Cal. 374 [268 Pac. 369].) The defenses in the case now before us, as in *Flores* v. *Fitzgerald, supra*, were that defendant was free from negligence and that plaintiff was guilty of contributory negligence. The evidence in the case

herein was sharply conflicting. The facts testified to by appellant and his witnesses, if believed by the jury, would have required a judgment in appellant's favor under the instructions given by the court. The jury having returned a verdict for plaintiff, has impliedly accepted the version of the accident related by plaintiff and his witnesses to be true. This determination of the jury is binding upon this court on appeal. Since the account of the accident given by plaintiff and his witnesses, and accepted by the jury as true, is similar in all material particulars to that testified to by Flores and his witnesses in the case in which Flores was plaintiff, and is stated in detail in that case (*Flores* v. *Fitzgerald, supra*), we will not repeat it here.

The motorcycle upon which plaintiff was riding as the guest of Flores was traveling south on Buchanan Street, while appellant was going east on Fulton Street. The motorcycle and automobile collided in the southwest corner of the intersection of the two streets. Appellant complains of the action of the trial court in refusing to instruct the jury that it was unlawful for the motorcycle to cross Fulton Street from an intersecting street unless the motorcycle should have been brought to a full stop before entering the intersection, and in instructing them instead that it was unlawful for the motorcycle to cross Fulton Street from an intersecting street unless the motorcycle should have been brought to a full stop before entering the intersection *provided such street was clearly marked or signposted to give notice of such fact.* The driver of the motorcycle did not bring it to a full stop before entering the intersection from Buchanan Street, but there were no marks or signposts upon the street directing the drivers of vehicles to stop before entering the intersection. The board of supervisors of the city and county of San Francisco had passed an ordinance declaring Fulton Street between Van Ness Avenue and Stanyan Street an arterial street, and providing that it should be unlawful for any driver or operator of any vehicle to cross an arterial street from an intersecting street unless such vehicle should have been brought to a full stop before entering the intersection of such arterial street. (Ordinance 6672, N. S.) Said ordinance did not make the duty to stop before entering the arterial street conditional upon the street having been signposted or marked to give notice of the fact that

it had been designated an arterial street. Said ordinance, if a valid exercise of the legislative power of the board of supervisors, became effective on the day before the accident.

Respondent contends, on the authority of *Ex parte Daniels,* 183 Cal. 636 [192 Pac. 442], that the enactment of said ordinance was in excess of the powers of the board of supervisors because it conflicted with the provisions of the State Motor Vehicle Act as then in force, and hence the trial court did not err in refusing to give appellant's requested instructions embodying the provisions thereof.

In *Flores* v. *Fitzgerald, supra,* we held that it was unnecessary to pass upon the validity of the ordinance for the reason that the failure of the driver of the motorcycle to bring it to a complete stop was not the proximate cause of the accident. In that case the trial court in its instructions to the jury recognized the ordinance as valid, and instructed the jury that by its terms the driver of the motorcycle was required to stop before entering Fulton Street. In the instant case the jury were told that there was a duty to stop only if the street were signposted or marked, and since it was not signposted or marked, the jury must have concluded that there was no duty to stop. In *Flores* v. *Fitzgerald, supra,* the appellant moved for a nonsuit and directed verdict, claiming that said ordinance, recognized by the court as valid, and Flores' failure to obey it, required, as a matter of law, a determination that Flores was guilty of contributory negligence barring his recovery. To uphold the action of the trial court in denying the motions for a directed verdict and nonsuit, it was only necessary for this court to decide that the question of proximate cause was one of fact and that the jury might have legally concluded that the failure of the driver to stop was not the proximate cause of the accident. However, we regard the statements in said case as holding that the evidence recited showed conclusively, as a matter of law, that the failure to stop was not the proximate cause of the accident. The evidence determining the question in that case, and the account of the accident accepted by the jury in the instant case being similar in all important particulars, the reasoning therein set forth is equally applicable to the case at bar. We quote from *Flores* v. *Fitzgerald, supra:*

"It is not necessary to pass upon the validity of said ordinance for the reason that we are of the opinion that, conceding said ordinance was valid and in full force and effect at the date of the collision, and that the respondent violated it by failing to stop before entering upon the intersection of said streets, we are not satisfied that such failure on his part in any way contributed to his injury. . . . It does not appear that his failure to stop his machine momentarily before entering the intersection had any direct connection with, or was in any manner responsible for, the collision with appellant's automobile. Although the violation of the ordinance may have been negligence *per se,* yet, as it was not shown that such negligence was the direct or proximate cause of his injury, it will not defeat his right of recovery for damages sustained by reason of said injury. . . . Had respondent stopped before entering the intersection and then proceeded to cross the street at from ten to fifteen miles per hour, which was within the legal limit, the collision would, no doubt, have happened in much the same manner as described above. If such is the case, then we think the conclusion is irresistible that the proximate cause of respondent's injury was not his failure to come to a full stop before attempting to cross the street intersection. . . . "

Since it can be said as a matter of law that the failure of the motorcycle to be brought to a stop was not the proximate cause of the injury under the version of the accident accepted by the jury, the failure of the court to instruct the jury that there was a duty to stop, if such a duty existed, did not prejudice appellant's rights and does not constitute reversible error.

It is not, however, essential to the affirmance of the decision herein to hold that the failure of the driver of the motorcycle to stop it before entering the intersection was not proximate cause of the accident. There is the factor in this case, not present in *Flores* v. *Fitzgerald, supra,* that the plaintiff was not the driver of the motorcycle, but was riding on the rear seat as a guest of the driver. Plaintiff and the driver, Flores, were both employees of the Pacific Telephone and Telegraph Company assigned to its Pine and Steiner Streets office. Flores and plaintiff were on the way to plaintiff's home during the lunch hour at the time of the collision. Plaintiff was not in the control or management of the vehicle,

nor was the relationship between the two such that Flores was the agent of plaintiff in the management of the vehicle. Any negligence of Flores in failing to bring the motorcycle to a complete stop could not be imputed to plaintiff to bar plaintiff's recovery. (*Kelley* v. *Hodge Transportation System*, 197 Cal. 598 [242 Pac. 76]; *Pope* v. *Halpern*, 193 Cal. 168 [223 Pac. 470]; *Meyers* v. *Southern Pacific Co.*, 63 Cal. App. 164 [218 Pac. 284]; *Bryant* v. *Pacific Electric Ry.*, 174 Cal. 737 [164 Pac. 385].) Nor under any possible construction of the evidence can it be held that the failure of the motorcyclist to stop was chargeable to any independent act of negligence on the part of plaintiff.

Nor would said ordinance of the city and county of San Francisco, if valid, render defendant's conduct free from negligence. In operating his automobile defendant had the right to anticipate that other drivers would operate their vehicles in the manner required by law and would stop before entering arterial streets if the law so required. However, the jury having impliedly found plaintiff's account of the accident to be true, it must be held that even though defendant had the right to assume that the motorcycle would be brought to a stop before entering the intersection he was negligent as a matter of law. The right to assume that operators of other vehicles would bring them to a stop before entering the arterial street did not give defendant a right to travel upon the arterial street at a high rate of speed in excess of established speed limits and in disregard of the rights of those wishing to enter or cross the arterial street who reached the intersection when the vehicle upon the arterial street was at a considerable distance therefrom.

The judgment is affirmed.

Curtis, J., and Preston, J., concurred.