[Civ. No. 123. Fourth Appellate District.—April 1, 1930.]

ANDY McVEA, Respondent, v. A. W. NICKOLS, Appellant.

Harvey & Heard for Appellant.

M. G. Brittan for Respondent.

BARNARD, J.—In this action the plaintiff recovered a verdict against the defendant for $3,500, on account of injuries sustained through being struck and knocked down by an automobile operated by defendant. Upon the hearing of the usual motion, the court ordered a new trial unless the plaintiff remitted one-half of the amount of the verdict. The plaintiff consented and thereupon the motion for new trial was denied. The defendant has appealed from the judgment based upon the verdict, as thus altered.

It appears from the evidence that about 8 o'clock on the evening of January 15, 1928, the defendant was driving an automobile through the city of Bakersfield. He was traveling north on Chester Avenue. This street crosses a railroad, with several tracks, at a point where there is no street intersection. Chester Avenue is paved from curb to curb, to the south of the railroad crossing, with a sidewalk on the east side thereof. The railroad crossing itself is paved, but with no sidewalk. From the railroad crossing, the state highway extends north on Chester Avenue, paved in the center, with an unpaved portion on each side. Just prior to the accident, the plaintiff was proceeding north on the easterly sidewalk of Chester Avenue. Upon reaching the intersection of Chester Avenue with the railroad, the plaintiff looked up and down the tracks, looked south on Chester Avenue, and seeing no automobile, proceeded across the railroad tracks. There is a conflict in the evidence as to whether he was simply crossing the tracks, going north, or as to whether he was not only crossing the tracks but proceeding along them in a westerly direction, toward the west side of the street. It is not contradicted that while on the railroad tracks, where the street is paved, and where there is no sidewalk, he was struck by the automobile driven by the defendant, and thrown from twenty-five to thirty-five feet. When the car stopped, the plaintiff was under the car, and the car was on the unpaved portion of the road, north of the railroad tracks and east of the paved highway.

The defendant testified that he did not see the plaintiff until he was within five or six feet of him; that his car was going in a straight line toward the plaintiff; and that he had no memory of turning or swerving his car. He testified at one time that he was proceeding along the center of Chester Avenue, and at another time that he was to the right

of the center but close to a street-car track. How close he was to the street-car track does not appear. The record shows that a machine going straight north in the center of the street, after crossing the railroad tracks, would be upon the paved portion of the highway, but that a machine proceeding nearer the right-hand side of the street would, at the time of crossing the railroad tracks, have to swerve to the left to be upon the paved portion of the highway. It does not appear from the evidence just how far to the east of the center of Chester Avenue a car would have to be in order to make necessary a swerve to the left, in order to be upon the paved portion of the highway, after crossing the railroad tracks. There was evidence that the usual custom of cars traveling north on this street is to swerve to the left or toward the west, because of the narrowing of the paved or traveled portion of the highway, north from the railroad tracks. Defendant was familiar with the street in question, which is the main street for automobiles coming in or going out of Bakersfield. It was stipulated that the point where the accident occurred was not in the business section, and there was introduced in evidence an ordinance of the city of Bakersfield, containing the following: "Outside of business district, no pedestrian shall cross a roadway other than by a route at right angles to the curb, and when crossing at any place other than a cross-walk, shall yield the right-of-way to all vehicles upon the road-way."

Appellant contends that the failure of the plaintiff to look more carefully before proceeding across or along the tracks, and his failure to give the right of way to defendant's machine, as required by the ordinance mentioned, constitute contributory negligence, as a matter of law. The entire question of contributory negligence of the plaintiff was submitted to the jury, upon appropriate instructions. Under the circumstances shown here, we think the issue as to contributory negligence on the part of the plaintiff was a question of fact, and properly left to the jury.

In *Moss* v. *Boynton Co.*, 44 Cal. App. 474 [186 Pac. 631, 632], the rule is laid down as follows:

"Contributory negligence 'is a question of law only when the evidence is of such a character that it will support no other legitimate inference than that in the one case the plaintiff was guilty of contributory negligence. . . . When

the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then and only then, does the law step in and forbid plaintiff a recovery. . . . Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury.' (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 240 [116 Pac. 513]; *Wing* v. *Western Pac. Co.*, 41 Cal. App. 251 [182 Pac. 969].)''

In the instant case there is a conflict in the evidence on a number of important points. There is evidence to indicate the plaintiff was struck after he had reached a point on the railroad tracks, which is west of the east line of the paved portion of the highway, which extends north from the tracks. There is other evidence which indicates he was struck at a point to the east of that line. There is evidence indicating that the plaintiff was attempting, not only to cross the railroad tracks, but to cross Chester Avenue along the line of the railroad tracks. There is other evidence which indicates that the plaintiff was crossing the tracks and proceeding on his way north, and the inference is possible that he intended following the east line of the paved portion of said highway, north of the tracks, and also that there was no sidewalk north of the railroad tracks. ■ A pedestrian has the same right to travel upon a public highway as has the driver of an automobile, subject to the exercise of this right with a reasonable amount of care, under the circumstances then existing. (*Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82 [41 A. L. R. 1027, 239 Pac. 709].) In considering both the conflicting evidence, and the inferences most favorable to the plaintiff, which may legitimately be drawn, it cannot be said that a reasonable mind must conclude that the plaintiff was negligent. Where an injured party takes absolutely no precautions for his own safety, the question of contributory negligence is usually one of law. Where, however, he takes some precautions, but for some reason fails to see an approaching automobile, or misjudges its speed or distance, or for some other reason assumes he may avoid

injury to himself, the question is usually one of fact for the jury. The evidence here is uncontradicted that the plaintiff looked before starting to cross the tracks, and having taken some precautions, his case would fall within the usual rule. In addition, there is a conflict in the evidence and in the possible inferences therefrom, and the question was therefore one of fact for the jury.

Appellant's second objection relates to a question asked of a prospective juror. The question is as follows: "Mr. Premo, are you a stockholder or interested in the Union Automobile Insurance Company?" The principal argument made is that to permit such a question, with what is claimed to be its inevitable effect upon the jury, is prejudicial *per se* to the defendant. In *Eldridge* v. *Clark & Henery Construction Co.*, 75 Cal. App., at page 532 [243 Pac. 43, 50], the court says:

"No case has been cited—indeed, none can be found—which goes to the extent of holding that where such an examination by plaintiff is allowed, it is prejudicial *per se*. To the contrary, many cases hold that there are certain circumstances under which such an examination may properly be allowed, and all the cases hold that where the allowance of that line of examination either of jurors on their *voir dire* or of witnesses involves error, the question whether it is or is not to be deemed to be of sufficient gravity, in its effect upon the rights of the defendant, to require a reversal, is dependent entirely upon the circumstances of each particular case."

In the case of *Cozad* v. *Raisch Improvement Co.*, 175 Cal., at page 624 [166 Pac. 1000, 1002], the Supreme Court uses the following language:

"We know of no rule of law which would require a reversal for referring to the real party defendant of an action under such circumstances, while the propriety of eliciting information touching a juror's or witness' personal interest in favor of such interested indemnity company is, where the right is exercised within the sound discretion of the court, not to be questioned on appeal."

While this language is used in discussing a different phase of the matter of prejudice ascribed to questions that may convey to the jury an idea of the presence of an insurance company in the background, it seems to be such an

expression on the point raised as we are not at liberty to disregard. (See, also, the following cases: *Arnold* v. *California-Portland Cement Co.*, 41 Cal. App. 420 [183 Pac. 171]; *Baldarachi* v. *Leach*, 44 Cal. App. 603 [186 Pac. 1060]; *Williamson* v. *Hardy*, 47 Cal. App. 377 [190 Pac. 646]; *Murphy* v. *Shaffer*, 58 Cal. App. 453 [208 Pac. 1003]; *Girard* v. *Irvine*, 97 Cal. App. 377 [275 Pac. 840]; *Daniel* v. *Asbill*, 97 Cal. App. 731 [276 Pac. 149].) Appellant concedes that the decisions are against his contention, but urges that we change the law, on account of the impossibility of proving that such questions are not asked in good faith, and because of the more or less obvious dangers that are inherent in permitting such an impression or suggestion to reach the jury. While we have some sympathy with appellant's point of view, we feel that the rule has been sufficiently established to require that any change, or consideration thereof, should come from the Supreme Court.

It is further urged that the fact that the verdict in this case was reduced by the trial court, as a condition of denying a motion for a new trial, shows that the question to which objection is made, resulted in prejudice to the defendant. Not only was the question so worded as to be within the rights of respondent under the decisions, but any excess in the verdict has been taken care of by the action of the trial court. In view of the evidence in the record, as to the injuries sustained by the plaintiff, the present verdict cannot be held to be excessive.

█ It is next contended that the court erred in giving the following instruction to the jury:

"Ladies and gentlemen of the jury, I instruct you that the law of the State of California declares as follows: '113. Restrictions as to speed. (a) Any person driving a vehicle on the public highways of this state shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb or property of any person.'

" '1. Fifteen miles an hour in traversing a grade crossing of any steam, electric or street railway when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last 100 feet of

his approach to such crossing he does not have a clear and uninterrupted view of such railway crossing and of any traffic on such railway for a distance of 400 feet in both directions from such crossing.' ''

Objection is made to this instruction, both upon the ground that there is no evidence of any obstruction to the extent specified in that portion of the California Vehicle Act quoted in the instruction, and upon the second ground that there is no evidence showing that defendant's rate of speed in any manner contributed to the accident. As to the first ground of objection, there was evidence that to the south of the railroad tracks, and to the west of Chester Avenue, there was a building, store, service station and a lot of little cabins, and to the south of the tracks, on the easterly side, there was a big garage and big building where oil was stored, and that the block was practically filled. One witness testified that the view from the east side of Chester Avenue, looking up the railroad tracks, was blocked. Appellant insists that there is no evidence that the view was blocked for a distance of 400 feet. A part of the testimony having been given with reference to a map or diagram not in the record, it is not possible to review its weight. But to come within the terms of the law, it is not necessary that the view be blocked for 400 feet, but that the same be blocked at any point within said distance. While there is conflicting evidence on the point, there is sufficient evidence in the record to warrant instructing the jury, as to the law in reference to an unobstructed view at such a point. There was also conflicting evidence as to the speed of defendant's car, and as to the point in the street where the plaintiff was struck. Perhaps the principal question in the case was as to the position of defendant's car in reference to the center of the street, and whether he should have swerved to the left to keep on the paved portion of the highway, north of the railroad tracks. Defendant's speed may have had a material relation to his seeing the plaintiff in time, and to whether or not he should have seen the necessity for, and have made, a swerve to the left to keep on the highway. Not only was the question of defendant's speed material as to the original responsibility for the accident, but it was also material with reference to the extent of the injury, in view of the uncontradicted evidence that the plaintiff was dragged twenty-five to thirty-five feet. In view

of the conflicting evidence, the court was not in error in giving the instruction.

For the reasons given, the judgment is affirmed.

Marks, Acting P. J., and Beaumont, J., *pro tem.,* concurred.