[Civ. No. 9479.   First Appellate District, Division One.—April 1, 1935.]

OSCAR LEVENS, Respondent, v. STEVE STOCCO et al., Appellants.

Cornish & Cornish for Appellants.

Elliott Johnson, Jesse E. Nichols and George H. Vaughns for Respondent.

THE COURT.—Plaintiff was injured in a collision between an automobile, in which he was a passenger, and a truck operated by defendant Stocco, who was then in the employ of defendant Frosini. The jury returned a verdict in plaintiff's favor in the sum of $2,800. Defendants moved for a new trial, which was denied, and they have appealed from the judgment entered on the verdict.

As the ground for their appeal they contend that plaintiff's counsel was guilty of prejudicial misconduct by inquiring of a prospective juror as to his interest in a particular insurance company.

The juror was asked if he had any interest in the State Farm Mutual Auto Insurance Company or was a holder of the stock or bonds of that company, to both of which questions he replied in the negative. Defendants objected to any inquiries in that connection, and moved that the court declare a mistrial. The motion was denied, following which the court instructed the jurors that they were not concerned with the question of insurance; that there was and would be no evidence that either party was insured, and that no insurance company was involved in the action. The alleged misconduct was made a ground for defendants' motion for a new trial, at which time one of plaintiff's counsel filed an affidavit, alleging in substance that previous to the trial defendants' counsel stated that he represented the insurance company mentioned, and that the company would make a payment to plaintiff as a compromise settlement of the latter's claim if a satisfactory amount could be agreed upon; that subsequently defendants' attorney stated that the insurance company had authorized a payment not in excess of $500 in settlement, but later said that the policy

of insurance issued by the company covered one Cesar Frosini and not the defendants. The affiant further averred on information and belief that previous to the trial, agents of the company interviewed witnesses to the accident, and employed the attorneys who represented the defendants. These allegations were not controverted nor was bad faith charged, but it was averred in an affidavit filed by defendants that the company was a mutual company, having no outstanding stock or bonds, and that defendants were not insured therein at the time of the accident.

The above facts were sufficient to warrant the conclusion by plaintiff's attorneys that the company was interested in the outcome of the suit. If they so believed, they were justified in asking the questions of which defendants complain. There is nothing in the record to support the conclusion that they knew that the company had issued no stock or bonds, or that their questions were not asked in good faith.

It is the rule that prospective jurors may be asked if they are interested in a specified casualty company, or generally in any insurance company, if the question be propounded in good faith (*Arnold* v. *California Portland Cement Co.*, 41 Cal. App. 420, 426 [183 Pac. 171]; *McVea* v. *Nickols*, 105 Cal. App. 28, 33 [286 Pac. 761]; *Dermer* v. *Pistoresi*, 109 Cal. App. 310 [293 Pac. 78]); and where the trial court denies a motion for a new trial, based upon the ground of misconduct of plaintiff's attorney, it must be deemed to have concluded that the questions were asked in good faith (*Aydlott* v. *Key System Transit Co.*, 104 Cal. App. 621 [286 Pac. 456]; *Wieck* v. *Hockett*, 115 Cal. App. 600 [2 Pac. (2d) 476]), and that no prejudice resulted therefrom (*Lafargue* v. *United Railroads*, 183 Cal. 720 [192 Pac. 538]).

The evidence clearly shows that plaintiff, in addition to a permanent disfigurement of his face, received painful internal injuries, and, in view of the facts, the damages awarded were not excessive.

The conclusions of the jury were fully sustained by the evidence, and nothing appears which would justify the conclusion that the denial of the motion for a new trial was an abuse of discretion.

The judgment is affirmed.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1935.