[Civ. No. 9720. Second Appellate District, Division Two.—April 29, 1935.]

AGNES A. TAYLOR et al., Appellants, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

Ames Peterson, P. V. Davis, Armand H. Blum and Frankley & Spray for Appellants.

Frank Karr, E. E. Morris and C. W. Cornell for Respondents.

CRAIL, J.—This is an appeal from a judgment in favor of the defendants in an action for damages for the death of John S. Taylor resulting from a collision between the automobile he was driving and an electric street car of the defendant company which was being driven by the defendant Tate. After the jury returned a verdict for the plaintiffs, the court granted defendants' motion for judgment notwithstanding the verdict, a motion for a directed verdict

at the close of the evidence having been denied. Appellants contend that the court erred in entering said judgment.

The decedent was driving his automobile in broad daylight on a public highway and over and upon the street car tracks towards a street car of the defendant company which was moving in the opposite direction and approaching the decedent on the same tracks. The street car was plainly open to the decedent's view with nothing to prevent him from slowing down or turning off the track, but instead of doing so he continued on at a speed of 25 to 40 miles per hour in a business district. His conduct resulted in a head-on collision with the street car causing his death. The trial court granted the motion for judgment, on the theory that the decedent was guilty of contributory negligence as a matter of law. ■ We have read the evidence, keeping in mind that ordinarily contributory negligence is a question of fact to be determined by the jury, and that contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference and that inference one pointing unerringly to the negligence of the plaintiff contributing to his injuries (*Flores* v. *Fitzgerald,* 204 Cal. 374 [268 Pac. 369] ; *Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335 [208 Pac. 125]), that for the purpose of the ruling on this question the truth of plaintiffs' evidence should be admitted, and the evidence should be interpreted most strongly against the defendants. The briefs are full of the evidence. It would serve no useful purpose to set the evidence out in detail in this opinion. ■ Appellants have much to say about the negligence of the defendants, but in no way or manner are they able to excuse or justify the negligence of the decedent in driving a distance of at least 200 feet astride the rails toward the street car with nothing to prevent him from seeing it. In our opinion only one conclusion can be reasonably drawn from the evidence and that is that the deceased was guilty of contributory negligence.

■ Appellants next contend that the doctrine of the last clear chance should have been applied. In our opinion there is no room for the application of that doctrine in this case. There is no evidence that the decedent was in a situation of danger from which he could not escape by the

exercise of ordinary care. Assuming that the decedent was in such dangerous situation, there was no evidence that the defendant motorman was aware of his dangerous situation under such circumstances that he realized or ought to have realized decedent's inability to escape therefrom. Assuming that the defendant realized said inability to escape there was no evidence that he had a clear chance thereafter to avoid injuring the decedent. If any one of these elements was missing the rule does not apply. Hence the doctrine of the last clear chance does not apply.

Judgment affirmed.

Stephens, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 27, 1935.