[L. A. No. 23197. In Bank. Jan. 28, 1955.]

M & M LIVESTOCK TRANSPORT COMPANY (a Corporation), Respondent, v. CALIFORNIA AUTO TRANSPORT COMPANY et al., Defendants; WALTER ALVES et al., Appellants.

[L. A. No. 23198. In Bank. Jan. 28, 1955.]

VERN BAKER, Respondent, v. WALTER ALVES et al., Appellants.

Conron, Heard & James and Calvin H. Conron for Appellants.

Kenneth J. Thayer, Dorsett M. Phillips, William A. Kurlander and Leslie G. MacGowan for Respondents.

CARTER, J.—Defendants appeal from judgments awarding plaintiffs Baker and M & M Livestock Transport Company damages for harm to their trucks arising out of a collision in which three other trucks were involved. The cases were consolidated for trial by the court sitting without a jury.

Viewing the evidence most favorable to plaintiffs the following appears: The collision occurred about 2 p. m. on a clear day on Highway 466 in the Tehachapi Mountains. The highway ran generally in an east-west direction and was marked with a broken center line. At the point of impact

it was about 34 feet wide including the shoulders, and on each side there was a steep embankment to a ravine below. The upgrade to the east was estimated variously at 3 per cent to 6½ per cent.

Before the collision, three trucks averaging 60 feet in length and 8 feet in width, were proceeding upgrade in the eastbound lane. The first was the Automobile Forwarding Service Truck, a two-ton tractor-trailer loaded with four cars, which was driven by Charles French in its proper lane at 7 to 8 miles an hour. Behind French was plaintiff Baker's truck, a top-type automobile carrier truck, which was unloaded. Following Baker was plaintiff M & M Livestock Transport Company's unloaded tractor-truck driven by Curtis Lacert.

Prior to the collision Baker had been ascending the grade at about 32 miles per hour and he was able to accelerate his speed on the grade and was doing so. Thus there was evidence that Baker's truck was capable of passing French's truck safely considering the extent of the view ahead. When Baker pulled up behind French and commenced his maneuver to pass French, the latter veered sharply to the right as far as his truck would go and onto the shoulder, thus leaving about 9 feet between the left side of his truck and the center line. When Baker was passing on French's lefthand side he was going about 15 miles per hour. The right side of Baker's truck was 1 to 2 feet from the left side of French's. Although Baker testified he estimated the left side of his truck was about 2 feet to the left of the center line, it could have been on or to the right of the center line on the basis of the above figures. When he started to make the passing maneuver, Baker had a clear view of the road ahead for 800 feet to a point where the road curved. No one was approaching from the east. While passing, Baker's truck "faltered" or "stopped" as described by various witnesses. That was due to a slipping of the gears which he had had repaired immediately before the trip on which he was driving when the collision occurred. When the tractor portion of Baker's truck (20 feet long) and 2 feet of the trailer had passed French, a truck owned by defendant Alves and driven by defendant Madrid rounded the curve between 400 and 500 feet away, travelling west toward Baker and French at a speed of 50 or 60 miles per hour. Madrid's truck weaved from right to left on the highway and finally collided with the right front end of Baker's truck and left front of French's truck, the

latter two trucks having stopped. Madrid's truck weighed 65,000 pounds and was travelling downhill. Apparently he had little control over it. It was going 50 miles per hour at the time of the impact.

Baker's truck was pushed back until it collided with the M & M truck. A moment later a second truck owned by defendant Alves and driven by defendant Gonzales came round the same curve from the east and, being unable to stop, skidded into the first Alves truck and turned over. The trucks caught fire, but the drivers escaped uninjured.

Defendants assert the plaintiff Baker was contributively negligent as a matter of law in that he violated section 530 of the Vehicle Code.* No contention is made that defendants were not negligent.

As we read section 530, it requires that when passing, the view of the road and distance ahead of oncoming traffic be such that the passing maneuver may be made with safety and that the passing shall not be done on a curved road where, to do so, creates a hazard; it does not mean that when passing the conditions must be such that the passer guarantees he may safely pass or that he has necessarily violated the section by failing to complete the maneuver without accident, that is, the question is not entirely one of hindsight. Essentially the passer is required to act in a reasonable and prudent manner under the circumstances such as are presented in this case.

To say that under the foregoing circumstances Baker was contributorily negligent as a matter of law is not sustained by the record. The trial court was justified in finding, as it did, that Baker was not guilty of contributory negligence which proximately contributed to the collision. It is

---

*"(a) [. . . *Return to right-hand side.*] Except when a roadway has been divided into three traffic lanes, no vehicle shall be driven to the left side of the center line of a roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction.

"(b) No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

"1. When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction." (Veh. Code, § 530.)

true that Baker did not succeed in getting past French and ahead of him on the right side of the road before Madrid came within collision distance. It may be that that failure is some indication that it was not safe for Baker to attempt to pass but his failure could be attributed to the slipping of the gears which was not his fault. In any case, however, we look at the situation as it appeared to a man of ordinary prudence at the time Baker commenced to pass French. As he commenced passing, French pulled over to the right indicating he would have room even if there was approaching traffic. The view was clear for 800 feet. The grade was only 3 per cent or 4 per cent and his truck was unloaded and had been previously gaining speed. As a person of ordinary prudence he was justified in assuming he could pass safely. He was not required to assume that an approaching vehicle 800 feet away would be travelling at such high and uncontrollable (considering the weight of Madrid's truck) speed that with that margin of safety he could not complete the passing maneuver. (See *Leo* v. *Dunham,* 41 Cal.2d 712, 715 [264 P.2d 1].) Certainly the question was one for the finder of fact, the trial court in the instant case. ▮ Even if Baker made a mistake in judging his ability to pass safely, that would not necessarily be contributory negligence. (65 C.J.S., Negligence, § 2; 38 Am.Jur., Negligence, § 33.) The question of whether a man of ordinary prudence would have endeavored to pass is peculiarly a question for the trier of fact as it involves an exercise of judgment probably more difficult than any other conduct in driving a motor vehicle. "But cases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare. The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion. (See *Johnson* v. *Southern Pacific Co.,* 154 Cal. 285 [97 P. 520]; *Wise* v. *Stott,* 114 Cal.App. 702 [300 P. 883]; *Heitman* v. *Pacific Electric Ry. Co.,* 10 Cal.App. 397 [102 P. 15]; *Daly* v. *Hinz,* 113 Cal. 366 [45 P. 693]; *Robinet* v. *Hawks,* 200 Cal. 265 [252 P. 1045]; *McVea* v.

*Nickols,* 105 Cal.App. 28 [286 P. 761]; *Schneider* v. *Market Street Ry. Co.,* 134 Cal. 482 [66 P. 734]; *Walker* v. *Southern. Pac. Co.,* 38 Cal.App. 377 [176 P. 175]; *Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237 [116 P. 513]; *Moss* v. *H. R. Boynton Co.,* 44 Cal.App. 474 [186 P. 631]; *Green* v. *Southern Pac. Co.,* 53 Cal.App. 194 [199 P. 1059]; *Kienlen* v. *Holt,* 106 Cal.App. 135 [288 P. 866]; *Grimes* v. *Richfield Oil Co.,* 106 Cal.App. 416 [289 P. 245]; *Schellin* v. *North Alaska Salmon Co.,* 167 Cal. 103 [138 P. 723]; *Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335 [208 P. 125]; *Smith* v. *Southern Pac. Co.,* 201 Cal. 57 [255 P. 500]; *Flores* v. *Fitzgerald,* 204 Cal. 374 [268 P. 369]; *Toschi* v. *Christian,* 24 Cal.2d 354 [149 P.2d 848].)'' (*Anthony* v. *Hobbie,* 25 Cal.2d 814, 818 [155 P.2d 826].) The cases cited by defendants are distinguishable.

 Defendants' contention that contributory negligence must be imputed to M & M Livestock Transport Company, because Lacert was violating section 531 of the Vehicle Code* at the time of the collision, cannot be sustained. Section 531 provides that a truck being driven on a highway must be kept at a distance of at least 300 feet to the rear of any vehicle immediately preceding it. The evidence is clear that the M & M truck was within a few feet of the rear of French's truck at the time of the collision, but section 531 expressly provides that its provisions "shall not prevent overtaking and passing. . . ." The trier of fact could reasonably infer that Lacert had pulled up close behind the slow-moving truck driven by French with the intention of passing it when the highway was clear. The evidence therefore supports the finding that Lacert was not guilty of contributory negligence.

The judgments are affirmed.

Gibson, C. J., and Shenk, J., concurred.

EDMONDS, J.—I agree that the evidence does not show, as a matter of law, any negligence of Baker proximately contributing to his injury. However, I do not agree with the construction which has been placed upon section 530 of the Vehicle Code.

That statute defines the situation in which it is lawful to

---

*"(B) The driver of any motor truck, or the driver of any motor vehicle which is drawing or towing another vehicle, upon a roadway outside of a business or residence district shall keep the vehicle he is driving at a distance of not less than 300 feet to the rear of any vehicle immediately preceding it being driven in the same direction. The provisions of this subdivision shall not prevent overtaking and passing. . . ."

attempt to overtake and pass another vehicle by driving on the left side of the center line. This may be done when the left side is free from oncoming traffic "for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken." (Subd. (a).) The next sentence reads: "In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction." The holding that the passer need only "act in a reasonable and prudent manner under the circumstances such as are presented in this case" gives no effect to the standard of care required by the Legislature.

In *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581 [177 P.2d 279], we said: "[T]he proper conduct of a reasonable person under particular situations may become settled by judicial decision or be prescribed by statute or ordinance . . .. An act or failure to act below the statutory standard is negligence *per se*, or negligence as a matter of law. And if the evidence establishes that the plaintiff's or defendant's violation of the statute or ordinance proximately caused the injury and no excuse or justification for violation is shown by the evidence, responsibility may be fixed upon the violator without other proof of failure to exercise due care. (Citations.) However, in an emergency, or under unusual conditions, it is generally held that circumstances may be shown to excuse the violation. . .. [T]he fact which will excuse the violation of a statute has been defined by the court as one resulting 'from causes or things beyond the control of the person charged with the violation.' (Citations.) . . .. In the application of this rule each violation of a statutory requirement must be considered in connection with the surrounding circumstances. Ordinarily, the excuse relied upon by the violator presents a question of fact for the jury's determination." (Pp. 587-590.) The principles stated and applied in the Satterlee case were followed in *Ornales* v. *Wigger*, 35 Cal. 2d 474, 480 [218 P.2d 531].

Without question, Baker failed to return to his proper lane "before coming within one hundred feet of any vehicle approaching" and presumptively was negligent. However, a proper disposition of the case requires a determination as to whether Baker's conduct was excused and, if not, whether his negligence contributed to the injury.

With regard to the first issue, there is evidence that when Baker drove out of his lane to pass, the truck preceding him pulled onto the shoulder to its right, leaving sufficient room to pass in the right-hand lane without crossing the center line. The testimony also shows a mechanical failure in Baker's truck while he was attempting to pass, that Madrid approached at an excessive rate of speed and driving in an erratic manner, and that the truck preceding Baker had stopped at the time of the impact. It may be inferred from this evidence that Baker was excused from returning to his proper lane because of a combination of the excessive speed of Madrid's vehicle and Baker's inability either to fall behind the preceding truck because it had stopped or to get ahead of it because of the mechanical failure in his own truck.

But even if Baker's violation of the statute was not justified, I do not believe there is any basis for holding, as a matter of law, that his negligence proximately contributed to the accident. The record shows that Madrid's truck was veering from side to side and had crossed the center line sufficiently to strike not only Baker's vehicle but the one preceding him, which admittedly was in the proper lane. Although Madrid's truck may have swerved because of the application of brakes and the driver's attempt to avoid a collision, the trier of fact reasonably might have found that it was so far out of control when rounding the curve as to collide with Baker's vehicle. The latter was entirely within its proper lane, or two or three feet to the left of the center line as the record seems to indicate.

I, therefore, concur in affirming the judgment in its entirety.

Schauer, J., concurred.

TRAYNOR, J., Dissenting.—I agree that the judgment in favor of plaintiff M & M Livestock Transport Co. should be affirmed, but I cannot agree that plaintiff Baker was not contributively negligent as a matter of law.

Section 530 of the Vehicle Code provides not only that overtaking and passing shall be "completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken," but that "*In every event* the overtaking vehicle *must return* to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction." (Italics added.) Thus, even if "safe operation"

in the first clause means what a reasonably prudent driver would regard as "safe operation," the standard of care required by the second clause is not what the reasonably prudent driver would do under the circumstances but what the Legislature has commanded, namely, that the driver of an overtaking vehicle return to the right-hand side of the roadway within the distance prescribed unless prevented from doing so by " 'causes or things beyond [his] control . . ..' " (*Ornales* v. *Wigger*, 35 Cal.2d 474, 479 [218 P.2d 531].) Baker did not return to the right hand side of the roadway within the distance prescribed. Nor could he have done so even if his gears had not slipped or if French had not stopped his truck. It is undisputed that those incidents occurred simultaneously with the appearance of defendant's truck round the curve. The evidence viewed most favorably to Baker clearly shows that, even if the gears had not slipped and French had not stopped, Baker could not have completed the passing maneuver or fallen behind French and thus returned to the right-hand side of the roadway within 100 feet of any vehicle approaching from the opposite direction even at a speed of only 55 miles an hour. (See Veh. Code, § 511.)

To leave to the trier of fact the question whether Baker's violation of the statute was excused, i.e., whether he could reasonably believe that he could pass without crossing the center line or return to his proper lane without endangering oncoming traffic, is to substitute for the statutory rule the view of the trier of fact as to what constitutes reasonable conduct. (See my concurring opinion in *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, 594 [177 P.2d 279].)

I find no evidence in the record to support the conclusion that the accident would have occurred even if Baker had not attempted his ill-fated passing maneuver. The evidence clearly shows that Madrid was in control of his truck and was in his proper lane until he rounded the curve, saw Baker's truck in a position of danger, and applied his brakes in an attempt to avoid the collision. There can be no doubt that Baker's violation of the statute was a substantial factor in bringing about the collision and was, therefore, a contributing cause thereof.

Spence, J., concurred.