[Civ. No. 17199. First Dist., Div. Two. Oct. 18, 1956.]

WILLIAM P. HOWARD, Respondent, v. JOSEPH BARTOLOTTI, Appellant.

Edward A. Friend for Appellant.

Nichols, Richard, Williams, Morgan & Digardi, Jesse Nichols, Edward M. Digardi and Anthony R. Brookman for Respondent.

DRAPER, J. pro tem.*—Defendant appeals from judgment for plaintiff following jury verdict in this personal injury action. Respondent was a bakery wagon driver. Appellant operated a grocery store, to which respondent delivered bread each week day at about the same time. Crates and sacks of produce delivered to appellant's store habitually were left upon the sidewalk, and later taken into the store by appellant. On the day of the accident here involved, a shipment of produce was left on the sidewalk outside appellant's store some time before 9:30 a. m. When appellant was not busy waiting on customers, he took crates and sacks into the store. By 11:15 a. m., a large lettuce crate was left on the sidewalk. At that time, respondent drove up to make his delivery of bread. Carrying a tray of bread, he stepped backward from his truck, took one step, and fell over the lettuce crate, sustaining severe injuries.

 Appellant argues that the evidence is insufficient to establish his negligence. But there is evidence that appellant knew of and consented to deliveries upon the sidewalk, and knew also of respondent's customary arrival time and manner of delivery of his products. The obstruction of a highway (*Stockton Automobile Co.* v. *Confer,* 154 Cal. 402 [97 P. 881]) or a sidewalk (*Mosley* v. *Ardens Farms Co.,* 26 Cal.2d 213, 216 [157 P.2d 372, 158 A.L.R. 872]), even in the absence of a statutory prohibition, will permit a finding of negligence when injuries proximately result from the obstruction. The likelihood of injury to plaintiff was clearly foreseeable. The evidence fully justifies the jury's finding that appellant was negligent.

 Appellant contends, also, that respondent was, as a matter of law, guilty of contributory negligence. There is no merit in this argument. Respondent testified that he looked at the sidewalk when he was parking his truck, and again before he stepped from the vehicle. Whether he exercised due care for his own safety under all the circumstances was a question of fact for the jury, and not a question of law.

---

*Assigned by Chairman of Judicial Council.

(*Anthony* v. *Hobbie*, 25 Cal.2d 814 [155 P.2d 826]; *M & M Livestock Transport* v. *California Auto Transport Co.*, 43 Cal. 2d 847 [279 P.2d 13].)

An ordinance provided:

"No person shall place or cause to be placed anywhere upon any . . . sidewalk and no person owning, occupying or having the control of any premises shall suffer to remain in front thereof upon the sidewalk . . . any boxes, bales, barrels, wood, lumber, goods, wares and merchandise . . . or any other thing obstructing the free use of or passage of said . . . sidewalk. Provided, however, that goods, wares and merchandise in transit may be allowed on the outer three feet of the sidewalk for a period not exceeding one half hour."

This ordinance was introduced in evidence without objection by appellant. The jury was instructed that if appellant violated the ordinance, a presumption arises that he was negligent; that this presumption could be overcome by evidence showing that appellant's conduct was excusable and justifiable; and that violation of the ordinance was of no consequence unless it was a proximate cause of respondent's injury.

Appellant does not attack the instructions and, having failed to object to introduction of the ordinance, he cannot assert error in its admission into evidence. He does, however, contend that the evidence shows no violation of the ordinance by him. This argument is based upon the view that the ordinance proviso does not require that each and every article be removed from the sidewalk within a half hour, and that since appellant commenced removal of his produce within the limited period, he brings himself within the exception even as to articles left on the walk for nearly two hours. To state this contention is to refute it.

Appellant also argues that, even if he violated the ordinance, such violation was not a proximate cause of respondent's injury. But we cannot say, as a matter of law, that the violation was not a proximate cause. The jury was fully instructed as to proximate cause, and found against appellant. That finding is within the province of the jury, and will not be disturbed here. (*Mosley* v. *Arden Farms Co., supra.*)

It may be that appellant intends to argue that the ordinance is not one designed to protect a class of which respondent is a member, that it therefore establishes no duty upon appellant as to respondent, and that for this reason all instructions upon the ordinance were in error. This argument

would be based upon the view that the ordinance permits obstruction of the sidewalk for a period of 30 minutes, that injury to a particular user of the walk is quite as likely to occur within 30 minutes of the placing of the obstruction as at a later time, and that therefore the ordinance is not intended for the protection of sidewalk users. However, we are disinclined to accept such a contention. Rather, it appears to us that the ordinance is designed wholly for the protection of users of the sidewalk, and that it allows a reasonable license or exemption for use of the walks for necessary commercial purposes, such exemption being strictly limited by its own terms. In any event, appellant is in no position to advance such a contention. In the first place, he permitted the ordinance to go into evidence without any objection on his part. If he now seeks to urge error in the instructions upon the ordinance, he is similarly without basis for complaint, because he has failed to produce a record here which shows that he did not himself invite the alleged error by submitting the instructions upon the ordinance. (*People* v. *Letourneau,* 34 Cal.2d 478, 493 [211 P.2d 865].)

The judgment is affirmed.

Nourse, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied November 16, 1956, and appellant's petition for a hearing by the Supreme Court was denied December 12, 1956.